## No. 8897.

### THE CITY OF NEW ORLEANS VS. NICHOLAS ARTHURS.

Where a city tax is resisted on the ground that the property against which it is assessed is exempt under the Constitution of the State, the question of the constitutionality of the tax is involved, and this Court has jruisdiction, though the tax is less than $1000.

A manufactory of fish lines. ropes, packing and other hempen articles is exempt from taxation under Article 207 of the Constitution, where the required number of hands are employed therein. Nor does it affect the exemption that the premises are occupied by the owner and his family, where it is shown that the premises and the articles manufactured and in process of manufacturing required protection and constant watching.

APPEAL from the First City Court of New Orleans. *Skinner*, J.

*C. F. Buck*, City Attorney, and *Wynne Rogers*, for Plaintiff and Appellee.

*H. L. Edwards* for defendant and Appellant.

The opinion of the Court was delivered by

Todd, J.    The city of New Orleans sues the defendant for thirty-four dollars and ninty-three cents, being amount of a tax assessed on certain immovable property situated in said city.

The payment of the tax is resisted on the ground that the property in question consists of a manufactory of fish lines, ropes, packing and other hempen articles and is exempt from taxation under Article 207 of the present State Constitution.

The counsel for the plaintiff suggests, in his brief, that this Court is without jurisdiction on account of the amount in suit and denies that the constitutionality and legality of the tax in question is involved.

It is to be presumed that the tax referred to was imposed by virtue of some ordinance of the city or law of the State and if, under such authority, the tax was assessed upon or against property which the Constitution declared exempt from taxation, we are at a loss to discover why the constitutionality of the ordinance or law, and of the tax levied under it, is not directly involved.    The suit, in such case, would be an attempt to enforce the collection of a tax against a positive inhibition of the Constitution; and, upon such an issue and state of facts this Court is vested with jurisdiction regardless of the amount in controversy.    Constitution of 1879, Art. 81.

Among the exemptions from taxation declared by Article 207 of the Constitution, we find mentioned "the capital, machinery and other property employed in the manufacture of textile fabrics," subject to the proviso in the Article, that not less than five hands are employed in the factory.

The statement of facts found in the transcript which, though questioned as insufficient, we deem proper and legitimate evidence satisfactorily establishes all the conditions in this case in which the exemption claimed is founded. The property is employed in the manufacture of "textile fabrics" and the required number of hands are engaged therein. Nor does the fact that the defendant lives in a part of the building or factory, where it is shown, as in this instance, that such occupation, day and night, is necessary for the protection of the premises and the goods therein manufactured and in process of manufacture, in any way defeat or affect the exemption claimed, as was thought by the city judge. It was a fact without significance or bearing upon the question at issue.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reverted, and that there be judgment for the defendant, rejecting the demand, with costs in both courts.