, No. 1118.

J. E. McGUIRE, TAX COLLECTOR, vs. V. F. VOGH.

Where there is denial of any assessment, or other issue made of the legality of a tax, this Court has jurisdiction.

While suits for the collection of taxes upon property are prohibited, the prohibition does not apply to the collection of licenses which may be prosecuted by rule or motion, as provided in the legislative act, and in other ways.

APPEAL from the Fifth District Court, Parish of Ouachita. Richardson, J.

Talbot Stillman and T. O. Benton for Plaintiff and Appellee.

Robt. Ray for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. This a proceeding by rule to enforce the payment of a license-tax of fifty dollars upon the defendant's occupation as livery stable keeper, alleged to be due the State.

Exception was made 1. that the Constitution prohibits the bringing of suits for the collection of taxes, and therefore the act of the legislature which authorizes proceeding by rule is unconstitutional and null; 2. that the defendant has not been assessed for this license, and it has not been demanded of him; 3. that it is impossible for him to say or to know what his profits for the year 1884 will be until the year has closed.

The legality of the tax is thus brought in contestation, for if assessment be essential, the want of it would affect the legality of the tax; and as the license is graduated, if its amount depends upon the ascertainment of the profits for that year, the imposition of a license upon profits not realized and therefore not ascertained would be illegal.

The revenue law for licenses requires that for the purpose of calculating the amount of the license, the business of the previous year as also the condition and results of business of the current year shall be

considered, Acts 1880, p. 151, and therefore it is not legally needful to know what are the profits of the current year. As the licenses are collectible on the 2d. of January Ibid. p. 143, and the annual receipts, sales, etc. which are the basis of the licenses and which determine the amount of them, are those of the year for which the license is granted, Ibid. p. 151 sec. 24, it is not very clear how the amount of a license can be ascertained at the beginning of a year, which is to be based upon the sales that are to be made during that year. Such however is the law, and it amounts to this practically that for 1884 the license will be graduated by the sales of 1883.

An assessment of a license tax is not required to be made by the officer, but it is the duty of him upon whom the law imposes the license to furnish a statement of his annual receipts as a basis for the graduation of it, and to apply for and obtain it.

We held in Mayor of Alexandria v. Heyman, 35 Ann. 301 and same plaintiff v. Williams, Ibid. 329, that suits for collection of taxes upon property were prohibited by the Constitution. This prohibition does not apply to the collection of licenses, and for an obvious reason. The mode of, or machinery for, collecting taxes upon property is by the sale of it, if after twenty days' notice payment is not made. A license could not be collected by the sale of an occupation, and it is upon an occupation that the license is imposed. For that reason doubtless a rule is authorized to be taken on motion against the party who has not obtained his license to shew cause why he shall not stop his business, Acts 1880, p. 152, and we see no reason why the rule should not also embrace the collection of the license, although it is not prescribed as the mode of collecting licenses, nor is it the only machinery that can be used.

The judgment was for only twenty dollars, the lower court thinking that grade of license the appropriate amount under the proof, or rather under the want of proof. The defendant appealed. There is no answer to the appeal—no prayer for the increase of the judgment, and we cannot therefore disturb it in the interest of the appellee.

Judgment affirmed.