No. 10,361.

STATE OF LOUISIANA EX REL. CITY OF NEW ORLEANS VS. A. VOORHIES, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

Prohibition lies to a District Court to prevent it from passing, as an appellate court, over city courts, upon questions involving the legality or constitutionality of a tax and a title to real estate.

A demand that such property when assessed, be declared exempt from taxation, implies a prayer that the taxes which would thereupon be claimed as due thereby, be adjudged to be illegal. It involves the constitutionality of a tax.

The judgment of a city court in such case is not appealable to a District Court, though it have appellate jurisdiction over city courts, but such judgment is reviewable as to facts and law under the Constitution exclusively by the Supreme Court of the State.

The jurisdiction of a District Court, exercising original jurisdiction, is quite different from that with which it is vested when it sits as an appellate court over city courts.

When the District Court exercises original jurisdiction, it may pass upon questions relative to the title to real estate and to the legality or constitutionality of a tax, but when it sits as an appellate court it can do neither.

An exception to its jurisdiction *ratione materiæ* may be filed at any stage and want of jurisdiction can be noticed by the court *proprio motu*, at any time, without plea.

Consent cannot confer jurisdiction when the court has none *ratione materiæ*.

APPLICATION for Prohibition.

*W. B. Sommerville*, Assistant City Attorney, for the Relator.

Respondent *in propria persona*.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a Prohibition.

The complaint is that the district judge, over the objections of the relator, has persisted in entertaining jurisdiction over a controversy decided by a city judge, from whose judgment an appeal lies to this court and *not* to the District Court.

The respondent judge denies any usurpation of authority and undertakes to vindicate his course.

It appears that a suit was brought before the First City Court, by a husband and his wife, in which the former claiming to be the owner of certain improved real estate, in the name of the latter, averring that the same, though exempt under Art. 307 of the Constitution, had been assessed at $3000, prayed contradictarily with the Board of Assessors, that the property be declared exempt and that the assessment be cancelled.

From a judgment adverse to the plaintiff, an appeal was taken to the Civil District Court for this parish, and the case was allotted to Division E.

An exception was there filed by the City of New Orleans, who had been made party to the suit below, to the jurisdiction of said court, as an appellate court, resting on the ground, that, as the constitutionality of taxes was involved, the appeal should have been to the Supreme Court of the State.

The exception was overruled and the District Court proceeded to

State ex rel. City vs. Judge.

pass upon the merits of the case, reversing the judgment appealed from and rendering one in favor of plaintiff.

It is not disputed that the property, represented as exempt from taxation, was assessed as alleged.

If it be true, as averred, that this property is exempt, for the reasons given, it became the right of the owner to appeal to the courts for protection, in order to avert future proceedings for the collection of taxes considered to be illegal, because claimed in contravention of constitutional immunity.

It is apparent that, had the State and city at the proper time, sued to recover the amount of taxes said to be due as assessed on the property, the defendant owner could validly have set up the facts justifying, a defence of illegality or unconstitutionality of the taxes, and that, from a judgment on that issue an appeal, on the facts and law, would have lain exclusively to the Supreme Court; for the reason, that the legality or constitutionality of a tax would have been involved. Const. Art. 81; City of N. O. vs. Arthurs, 36 Ann. 98; State ex rel. Bertel vs. Board, 34 Ann. 574; Minden vs. Silverstein, 36 Ann. 56, 912.

Now, instead of being sued, the owner, in apprehension of proceedings for the collection of taxes, brings an action in which he sets up, as a means of attack, that which he could have urged as a means of defence.

In such case, it is clear also that the demand for exemption implies the legality or constitutionality of the taxes, in consequence of the nullity of the assessment, and that the appeal from the judgment of the city court, ought to have been, not to the District Court, but to this court.

It is true that, after the exception to the jurisdiction of the District Court, as an appellate court, had been overruled, the case was heard and determined on its merits, but this further action is of no consequence, as consent cannot confer jurisdiction.

The district judge says, that the exception to the jurisdiction was filed *after* submission of the case, and that it was by consent that he passed upon the merits as to the title of the property.

It was immaterial *when* the exception was filed. It could have been at any stage, and want of jurisdiction could have been noticed by the court *proprio motu.*

Surely, had the amount involved been large enough, the District Court, as a court of original jurisdiction, could have passed on all the questions presented, touching both the title to the real estate and the claim to exemption; but, as an appellate court, it had no greater power than the city court possessed.

That court could adjudicate nothing on the question of ownership of the property, and the District Court, on appeal, could not pass upon the question of the legality or unconstitutionality of the tax in contestation. Such questions arising in the city court, could be finally solved only on appeal, directly to the Supreme Court, to the exclusion of the District Court as an appellate court.

It is proper to observe that the action of the owner claiming exemption, was the more appropriate as there was no prospect of his being sued by the State or city, who are prohibited from doing so by law, and that it was preferable for him to act when and as he did, than to do so, when his property would have been advertised for sale for non-payment of taxes.

It is therefore ordered and decreed that the restraining order made *in limine* be maintained and that the prohibition asked be made peremptory.