## No. 1214.

## V. & A. MEYER & CO. VS. B. F. PLEASANT, SHERIFF AND TAX COLLECTOR.

1. An injunction against the sale of property for taxes, on the ground that the property is not subject to assessment and taxation in the parish where the assessment has been made, presents a contestation as to the legality of the tax sought to be enforced and is without jurisdiction of this court.

2. Debts have their *situs* at the domicil of the creditor, and they do not lose the *situs* because reduced to judgment at the domicil of the debtor.

Being located at the domicil of the creditor, a debt, though evidence by a judgment, is not assessable or taxable elsewhere.

APPEAL from the Third District Court, Parish of Union.
*Barksdale*, J.

*Everett & Everett* for Plaintiffs and Appellees:

The domicile of the owner is the *situs* of a judgment.

The assessment of a judgment for State and Parish taxes must be made at the domicile of the owner, and an assessment at any other place is illegal and not collectible. Saunders on Taxation, pp. 68, 69 and 70; Cooley on Taxation, pp. 269 and 270, and also Note 1 on page 270.

A dual assessment cannot be collected.

The illegality of the assessment, notices, mode or time of collection does not give this court jurisdiction regardless of the amount involved. The illegality or unconstitutionality of the tax gives jurisdiction. 36 Ann. 286; 37 Ann. 507, 898; 38 Ann. 99; 39 Ann. 342.

*E. H. McClendon*, District Attorney, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, a commercial firm domiciled in the City of New Orleans, enjoin the tax collector of Union parish from the sale of a certain judgment rendered in the district court of Union parish in their favor and against their debtor, D. Stein & Co., which had been listed and assessed in Union parish.

They base their injunction on various grounds, of which it is only necessary to consider one, viz: That said judgment is not subject to assessment and taxation in Union parish, but can only be assessed and taxed at the domicil of the owners, to-wit: in the Parish of Orleans, and, therefore, that the tax for which the property is about to be sold is illegal.

### I.

A motion is made by the plaintiffs to dismiss the appeal on the ground that this court is without jurisdiction *ratione materiæ*.

If the property is not subject to assessment and taxation in Union parish, then the tax sought to be enforced against it under an assessment made in said parish is undoubtedly unauthorized by law, and, therefore illegal.

This is not a dispute about the quantum or manner of assessment. The claim is, that the property is not subject to assessment or taxation, in Union parish, in any amount or manner.

This clearly involves a contestation as to the legality of the tax, of which this court has jurisdiction without regard to the amount involved. Maguire vs. Vogh, 36 Ann. 812; Gillis vs. Clayton, 33 Ann. 286.

The tax collector affirms the validity of the tax on the ground that section of Act 98 of 1886, directs that movable property shall be assessed in the parish where it is located. This applies to tangible movables, but not to incorporeal rights generally, which follow the person of the owner and are not susceptible of physical location. It is well settled that the *situs* of a debt as property is at the domicil of the creditor. Murray vs. Charleston, U. S.; Kirtland vs. Hodgkins, 100 U. S. 496; State tax on foreign held bonds, 15 Wall 300; Cooley on Taxation, p. 15.

A judgment is merely the highest form of evidence of a debt. The Supreme Court of the United States has held that debts owing to foreign creditors are not subject to taxation by a State, because such a debt is a right, personal to the creditor where he resides, and the residence of his debtor is immaterial. The fact that a foreign creditor has reduced his

debt to a judgment by proceeding necessarily, at the debtor's domicil, could not subject the debt to taxation. The same principle applies to the instant case. Before judgment it is admitted that the debt due by Stein to Meyer & Co. would not have been taxable in Union parish, although it would have been legally demandable and enforcible only at Stein's domicil in that parish.

The case is not altered by the mere change in form of the debt.

The judge *à quo* gives an apt *reductio ad absurdum* when he says that if the doctrine of the tax collector were correct, a judgment rendered by the District Court of Ouachita parish, held in the City of Monroe, would be liable, not only to the State and parish taxes, but also to the municipal tax of Monroe. We hold, therefore, that the debt represented by this judgment is not located in the Parish of Union, but has the same *situs* after, as before the judgment, viz: at the domicil of the creditor.

It is assessable and taxable only in the Parish of Orleans, and as it forms part of the capital and assets of the firm of V. & A. Meyer & Co., it has presumably been assessed and taxed there.

Whether it would lie within the power of the Legislature to direct specifically, that judgments belonging to resident creditors should be assessed and taxed in the parish where they are rendered, is a question not before us. The statute simply directs that movables shall be assessed where they are *located*, and in absence of legislative provision to the contrary, judgments like other debts, have their *situs* at the domicil of the creditor.

Judgment affirmed.