BREAUX, C. J.
The ground alleged by appellee to dismiss the appeal is that this court is without jurisdiction ratione mate-rise.
The amount in controversy as stated does not exceed the lower limit of this court’s jurisdiction. But a legal question is at issue.
.The jurisdiction of this court includes cases in which the constitutionality or legality of a tax is in contestation.
Plaintiff’s petition sets up that it has property within the city’s limits, but that it is not subject to taxation. This is denied by the defendants. They urge that plaintiff owes taxes under; statutes of 1890 and 1898.
A question of construction presents itself.
Moreover, the rule “Mobilia sequuntur personam” enters into the issues and presents a question of law — as to whether or not it bears some application. The question of jurisdiction is disposed of by the following decisions in which jurisdiction was maintained:
In State v. Rosenstream, 52 La. Ann. 2127, 28 South. 295, this court said:
“Defendants resist' the imposition of this license tax, in effect claiming that under the law they do not owe it. Whether they owe it or not depends upon the construction to be placed upon the statute herein before referred to. It is therefore clear that the case presents the question of the legality of the tax thus sought to be imposed. If the statute authorizes the tax collector to demand and collect the saíne, the tax is legal; otherwise, it is illegal. Judicial interpretation of the statute is necessary to determine this.”
The following decisions express substantially similar views regarding jurisdiction:' Moody v. Spotorno, 112 La. 1009, 36 South. 836; Roy v. Schuff, 51 La. Ann. 86, 24 South. 788.
The motion to dismiss is overruled.
On the Merits.
Statement of facts: The plaintiff corporation is domiciled in the state of Pennsylvania, where its president resides and where it conducts its business of mining Pittsburg coal and tranships it to different parts of the country, including New Orleans.
The W. G. Wilmot Company, of New Orleans, are selling agents of its coal and receive the price therefor.
Plaintiff’s complaint is that it has been assessed by the board of assessors for the parish of Orleans for taxation “upon money loaned on interest, all credits, and all bills receivable for money loaned for the year 1904, in the sum of twenty-five hundred dollars,” and that this is illegal, because, it contends, its credits have not been reduced to a definite or concrete form, and that, in consequence, they have no situs in this state. The facts in this respect are: The company, through its agent here, accepts duebills payable on demand. These duebills are signed by the clerk of .the steamboat to which coal is sold or by the chief engineer of the steamship. They are collected here by the agent. The intention of the assessing department was to carry on the assessment rolls the amount thus represented after the sale of coal by the company.
The duebills are received from steamboats. As relates to steamships, the coal is'delivered on receipts, and after its delivery sometimes plaintiff, through its agents, waits three or four weeks for payment.
Judgment: Unquestionably the purpose of the statute is to tax all property not exempt from taxation, whether property of taxpayers domiciled here or that of taxpayers who are nonresidents. Tax Law 1898, p. 346, No. 170.
*297 The only question Is, as to the property of the latter, whether it is property which can possibly be assessed within the limits of the state; that is, whether it is situs sufficient to warrant its assessment for taxation.
Plaintiff has a business located in the city of New Orleans. That business is conducted through an agent, who converts the price due for property sold in form sufficiently concrete to represent the debt and to sue thereon, should he choose so to do. The agent puts the evidence of the credit into definite shape and holds it until it is collected. He deposits the cash therefrom in bank, and it is forwarded through the bank to the home company.
In other words, the coal of plaintiff is sent here to be sold; it is retained to be sold; it is sold, and evidence satisfactory to the agent is taken as the representative of the price; and when payment of this promise to pay is made the amount thereof is deposited in bank, to be forwarded as before mentioned. The business, while here, is under the direction and control of the agent domiciled here. The promises to pay in question are taxable in the hands of and owned by residents as tangible property. The rule has.been made to include nonresidents. Section 7, p. 350, of the act of 1898, provides that all property subject to taxation shall be placed on the tax roll, and, if persons represent business that may claim a domicile elsewhere, the intent and purpose is that it shall pay all such taxes assessable here as may be collected from residents.
We think that these promises to pay, taken in connection with plaintiff’s business, were not to be considered as abstract right not at all removed from the domicile of plaintiff. Whilst the cash in question was in bank, it was liable to assessment. It was equally as liable prior to its deposit whilst represented by paper due to the local business. Receiving paper which the statute orders to be taxed brings it within the tax power.
It was within the power of the lawmaking authority of the state to tax an indebtedness which has taken a concrete form. The written instrument evidencing the Indebtedness is “left within the state in the hands of an agent of the nonresident owner.” So held in New Orleans v. Stemple, 175 U. S. 317, 20 Sup. Ot. 110, 44 L. Ed. 174, as in the case before us for decision.
The case just cited was referred to in Board of Assessors Case, 191 U. S. 401, 24 Sup. Ct. 109, 48 L. Ed. 232, and the principles therein were reaffirmed.
Our learned Brother of the district court said in his written opinion, that which is evident enough, that the plaintiff could sue on the duebills; that the bills “themselves” would furnish the concrete evidence of the debt and authorize judgment. “Any creditor of the plaintiff could attach these evidences of indebtedness.”
Having concluded that the written acknowledgments were tangible and seizable, we are led to the further conclusion that as such they must bear their just proportion of taxes, as directed in the statute cited ubi supra.
The law and the evidence being in favor of defendant, the judgment is affirmed.