(98 South. 417)

No. 23687.

STATE TAX COLLECTOR FOR PARISH OF ST. TAMMANY v. BINGS DAMPKI-SAKTIESELSKABET.

(Dec. 17, 1923.)

(Syllabus by Editorial Staff.)

Taxation ⬤⇒109—Steamship only partially completed held not taxable as omitted property.

Where, in 1917, the construction of a steamship was commenced in T. parish, but not more than one-tenth of it had been completed when it was moved to another parish, and there completed in 1918, it was not subject to taxation in T. parish as property omitted from the roll of 1917, since during that year it did not have a legal assessable or taxable entity.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Proceeding by rule by State Tax Collector for the Parish of St. Tammany against Bings Dampkisaktieselskabet (Bings Steamship Company). Judgment for defendant, and plaintiff appeals. Affirmed.

A. V. Coco, Atty. Gen., Ellis & Cappel, of Covington (Harry P. Sneed, of New Orleans, of counsel), for appellant.

James J. McLoughlin, Oscar Schreiber, and Frank McLoughlin, all of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. This is a proceeding by rule on the part of the state tax collector against an alleged delinquent tax debtor to coerce him to deliver up certain property to the end that the same may be seized and sold to satisfy state and parish taxes alleged to have been assessed against said property in the parish of St. Tammany for the year 1917.

The property assessed was described on the roll as, "1 steamship, Baltic No. 3, valued at $175,000."

There are several defenses urged against the validity of the assessment and the liability of defendant for any tax, but we need only to consider one of them, which we regard as fatal to the claim of the tax collector.

In the first paragraph of defendant's answer, it is alleged that at no time in the year 1917, and particularly during the time when assessments were levyable, was there any such steamship as Baltic No. 3 in existence. And this we find to be an established fact. An original assessment was made for 1917 against the Slidell Ship Building Company as follows: "All property not heretofore listed—$100,000."

This assessment was canceled as erroneous on March 10, 1918, when the Slidell Ship Building Company, refused to pay the tax. When that assessment was canceled, the defendant herein was assessed with the steamship Baltic No. 3.

The assessment against the Slidell Ship Building Company was doubtless intended to cover material which was being used or intended to be used in the construction of the ship in question. But, be that as it may, and, while it may be true that the assessed material was the property of the defendant, the fact remains that the material, as such, was not assessed to the defendant for the year 1917. The assessment under which the tax is claimed was a special or supplemental assessment, as of property omitted from the original or regular roll, and was made, as already stated, on March 10, 1918.

The evidence establishes that the work on the steamship assessed was commenced some time in the early part of 1917. The hull of the ship was built at Slidell in St. Tammany parish during the period beginning January 1, 1917, and ending February 12, 1918. The ship in its incomplete and unfinished condition was removed to the city of New Orleans in the latter part of February, 1918, and was there completed, and the machinery installed during the summer of 1918. The ship left New Orleans on its initial overseas trip on September 20, 1918.

It is an undisputed fact that the defendant at no time during the year 1917 owned within St. Tammany parish a steamship known as Baltic No. 3. The most that can be said is that there was a partially completed vessel—one in course of construction—in said parish during said year 1917, but which was not completed and did not become known as steamship Baltic No. 3 until the summer of 1918 at the port of the city of New Orleans.

At the time the assessment should have been made and was in fact made in the name of the Slidell Ship Building Company, not more than one-tenth of the ship had been completed, and up to March 31 of that year there had been expended for labor only $3,515 for work done on the vessel as against a total cost for labor, when the ship was completed, of $116,000.

Our conclusion is that, with such a small percentage of the ship having been completed during the year 1917, and the ship not having been finally completed until the summer of 1918, it could not be regarded as property omitted from the roll of 1917, and was not subject to be assessed as such on a supplemental roll for that year. In other words, with such a small proportion of the ship having been constructed during the year 1917, it could not properly be said to be a steamship, and could not be said to have possessed during that year a legal assessable or taxable entity as such.

The case of Thompson v. Day, Tax Collector, 143 La. 1086, 79 South. 870, 8 A. L. R. 660, can have no application to this case. The Gut Heil in that case was a completed and seagoing ship. It was rammed and sunk in the Mississippi river, and was sold finally to the plaintiff. The court held that the partially submerged, though at one time completed and finished, ship was valuable wreckage, and assessable as such.

For the reasons assigned, the judgment appealed from is affirmed.