No. 3443

Second Circuit

———

STATE OF LOUISIANA EX REL. GUARANTY BANK AND TRUST CO. v. DOWNS

———

(January 21, 1929. Opinion and Decree.)

———

Hakenyos, Provosty and Staples, of Alexandria, attorneys for defendant, appellant.

Isaac Wahlder, of Alexandria, attorney for plaintiff, appellee.

WEBB, J. The relator, Guaranty Bank & Trust Company, filed suit against U. T. Downs, sheriff and tax collector of Rapides Parish, on March 30, 1928, and obtained a preliminary writ of mandamus ordering the sheriff and tax collector to show cause why he should not accept an amount alleged to have been tendered in payment of a license tax and penalties due by relator. for the year 1928, and issue a receipt therefor, as required by law, and, on the same date, the sheriff and tax collector proceeded by rule against relator to collect the license tax, together with penalties, attorney's fees and costs, and the respective suits having been put at issue, they were consolidated, and on trial the writ of mandamus was recalled and judgment rendered against the Guaranty Bank & Trust Company for the amount of the license tax, together with penalties,

attorney's commissions, and costs, and the Bank appeals.

In the mandamus proceedings relator alleged that it had mailed to the sheriff and tax collector on March 5, 1928, a check for the amount of the license tax, and that the check had been received by the sheriff; that on the 19th day of March it had received a letter from the attorney representing the sheriff and tax collector, demanding payment of the license tax, penalty, and attorney's fees, and that upon receipt of the letter relator called at the office of the sheriff and tax collector and informed him that the check had been mailed, but that the sheriff and tax collector refused to accept the amount of the tax without the penalty and attorney's fees, and relator then made a tender of the amount of the tax and penalty, which was refused, and, following the tender, the amount had been deposited in the registry of the court, to which defendant sheriff and tax collector first filed an exception of no cause of action, and then answered, denying that relator had mailed, or that he had received, the check alleged to have been remitted on March 5th, and admitted the allegations relative to demand having been made by the attorney for payment of the license tax, penalty, and attorney's fees, and the tender, and further pleaded that he had instituted suit against relator for the amount of the license, penalty, and attorney's fees, and the Guaranty Bank & Trust Company answered the rule filed by the sheriff and tax collector by pleading the matters set up in the mandamus proceeding.

During the course of the trial the amount deposited in the registry of the court, which was admittedly sufficient to cover the amount of the license and penalty due at the date of the deposit, was accepted

by the sheriff and tax collector, with the consent of the parties that the acceptance would not affect the claim for attorney's fees, and the only questions which are really in dispute are the fact that the judgment was rendered without taking notice of the acceptance of the deposit, and the allowance of the commission for the attorney.

The statute, Act No. 205 of 1924, which is practically identical with the former statutes relative to the procedure in collecting licenses, provides that the license tax for the current year shall become due on the 1st of January, and delinquent on the 1st of March, and that on the 2nd of March the tax collector shall make out and deliver to the attorney appointed to aid in the collection of the taxes a list of the delinquent license taxpayers, and that the attorney shall immediately proceed to collect same, and while in the present instance the list does not appear to have come into the possession of the attorney until about the 15th of March, the demand for payment was made of the Guaranty Bank & Trust Company after the list was given to the attorney and prior to the tender by the relator, and counsel apparently base their contention that the attorney's fees were not due, first, on the theory that the deposit of the check in the post office on the 5th of March was a payment of the license, and that the tender was made prior to the suit.

While the evidence shows that the check was deposited in the post office on the 5th of March, the tax collector denies that it was received, which was sufficient to overcome any presumption that the check was received arising from the letter containing the check having been deposited in the post office; however, the statute provides that receipted form of license, which the law requires the tax collector to issue, shall be the only evidence of payment, and it being the duty of the license tax debtor to apply for and obtain the license (McGuire vs. Vogh, 36 La. Ann. 812), the fact that a certified check may be remitted could not under the law be accepted as proof of payment, and as the statute (Section 38) provides that a commission of ten per cent on the amount of taxes and penalty shall be paid by the delinquent tax debtor to the attorney through whose agency the collection is made, it is not essential that the attorney should have filed suit in order to render the commission due when the delinquent list had been placed in his hands and demand for payment had been made.

It does not appear that the Court's attention was directed to the agreement of the parties for the withdrawal by the Sheriff and Tax Collector of the amount deposited in the registry of the Court, and it appearing that the deposit was sufficient to cover the amount of the license and penalty due, the license debtor should be relieved of any liability after the date of the deposit, which included the penalty for the month of March, or twenty-five dollars (Liquidating Commissioners, etc., vs. Marrero, 106 La. 130, 30 So. 305).

It is therefore ordered that the judgment appealed from be amended so as to relieve the Guaranty Bank & Trust Company from the payment of the penalty of two per cent for any further period than the month of March, and as amended the judgment is affirmed.