No. 3799

Second Circuit

———

## ESTO REAL ESTATE CORP. v. LOUISIANA TAX COMMISSION ET AL.

———

(March 24, 1930. Opinion and Decree.)

———

Ben. E. Coleman, of Shreveport, attorney for plaintiff, appellant.

B. F. Roberts, and Robt. J. O'Neal, of Shreveport, attorneys for defendants, appellees.

DREW, J.  Plaintiff brings this suit against the Louisiana tax commission, the police jury of Caddo parish, La., Thomas R. Hughes, sheriff and tax collector in and for Caddo parish, La., John W. Jeter, assessor in and for Caddo parish, La., and the city of Shreveport, La., praying for judgment annulling and avoiding the assessment of $36,000 made against the partially constructed brick apartment house located on certain lots owned by plaintiff, and ordering the erasure and cancellation thereof from the tax rolls of Caddo parish, La., and enjoining the said parties from collecting the said tax based on said assessment amounting to $1,052.95.

It alleges that the assessment of the partially constructed brick apartment house as improvements and the taxation thereof is illegal, null, and void for the following reasons, to-wit:

"1.  That on or about October 1st, 1928, a contract was let to build and construct a three-story brick apartment house on the above described lots, and that on January 1, 1929, the said brick apartment house was in the process of construction and erection and was only about twenty-five

(25) per cent completed, and that said building is still in the process of construction and erection and is only about sixty (60) per cent completed at this time, the entire project costing approximately Ninety Thousand and no /100 Dollars.

"2. That on January 1, 1929, the time when property should be assessed for taxable purposes, the basement of this building was finished and some of the frame work and brick work on the building had been done, and that on this date such partially constructed building was not an improvement either in law or fact, within the meaning of taxable property.

"3. That this form and class of property does not constitute an improvement until the project is completed, ready for occupancy and revenue producing, and the law does not tax or contemplate taxing such property as improvements or otherwise.

"4. That this partially constructed building was not taxable on January 1, 1929, for the reason that buildings and constructions are not assessable or taxable during the year which they are made.

"5. That the assessment and taxation of this partially constructed building is violative and in contravention of the laws of Louisiana, and of Article 10, Sec. 1, of the Constitution of Louisiana, and the Fourteenth Amendment to the Constitution of the United States."

Defendants filed exceptions of no cause and no right of action and pleaded the prescription of thirty days, alleging that the tax rolls for the year 1929 were filed with the clerk of court on November 21, 1929, and that this suit was not filed until December 23, 1929.

The lower court rendered judgment overruling the exceptions of no cause and right of action and sustained the plea of prescription of thirty days and dismissed plaintiff's suit. From that judgment, plaintiff has appealed to this court, the case being submitted on briefs without argument with a request that it be passed upon at the earliest possible time.

In the case of Gillis vs. Clayton, Assessor, 33 La. Ann. 286, the court said:

"The constitutionality of a tax is in contestation:

"1. When it is claimed that the law, under authority of which the tax is imposed or assessed, violates some provision or provisions either of the State or Federal constitutions, or of both.

"2. When it is asserted that the property, upon which the tax is imposed, is exempt from taxation under some constitutional provision.

"The legality of a tax is in contestation:

"1. When it is denied that there is any law in existence authorizing such tax.

"2. Where, admitting the existence of such a law, it is asserted that the law is invalid, owing to a want of promulgation or other irregularity; and

"3. Where it is claimed that the tax was originally imposed or assessed in violation of some provision of the law, or by one without legal authority to make such assessment."

This is not a dispute about the quantum of assessment. The claim is that the property is not subject to assessment or taxation in any amount.

This clearly involves a contestation as to the legality of the tax which the Supreme Court only has jurisdiction of, regardless of the amount involved. McGuire vs. Vogh, 36 La. Ann. 812; Meyer & Co. vs. Pleasant, Sheriff, 41 La. Ann. 646, 6 So. 258.

"Where a city tax is resisted on the ground that the property against which it is assessed is exempt under the Constitution of the State, the question of the constitutionality of the tax is involved, and this Court has jurisdiction, though the tax is less than $1,000." City of New Orleans vs. Arthurs, 36 La. Ann. 98.

"A demand that such property, when assessed, be declared exempt from taxation, implies a prayer that the taxes which would thereupon be claimed as due there-

by be adjudged to be illegal. It involves the constitutionality of a tax." State ex rel. City of New Orleans vs. Voorhies, 41 La. Ann. 540, 6 So. 821.

In Monongahela River Consol. Coal & Coke Co. vs. Board of Assessors, 115 La. 564, 39 So. 601, 2 L. R. A. (N. S.) 637, 112 Am. St. Rep. 275, on motion to dismiss appeal, the court said:

"Plaintiff's petition sets up that it has property within the city's limits, but that it is not subject to taxation. This is denied by the defendants. They urge that plaintiff owes taxes under statutes of 1890 and 1898. A question of construction presents itself."

The legality of a tax is involved, and the judicial interpretation of a statute was necessary. The motion to dismiss was overruled.

In State vs. Rosenstream, 52 La. Ann. 2127, 28 So. 294, the court said:

"Where judicial interpretation of a tax statute is necessary to determine whether or not the tax, as demanded, is imposed by law, the question of legality vel non of the tax is raised, and the appeal taken may be to this court only."
"Where the amount of a license tax depends on the construction to be placed on the revenue statute, the legality of the tax is in contestation, and an appeal lies from the court of the first' instance directly to the Supreme Court." State vs. Orfila, 116 La. 972, 41 So. 227; Downs, Tax Collector, vs. Dunn, 162 La. 747, 111 So. 82; Gibbs vs. Atkins, 110 La. 197, 34 So. 411; City of Ruston vs. Fountain, 118 La. 53, 42 So. 644; City of Shreveport vs. Mackie, 140 La. 724, 73 So. 842; City of N. O. vs. Vinci, 153 La. 528, 96 So. 110, 28 A. L. R. 1382.

It is clear from the above authorities that this court is without jurisdiction to pass upon the issues of this case, and that the appeal should have been to the Supreme Court of this state. Therefore, it is

ordered, adjudged, and decreed that this case be transferred to the Supreme Court of the state of Louisiana, and that appellant have thirty days from rendition of this judgment to lodge the case there; costs of appeal to this court to be paid by appellant.