O’NIELL, C. J.
 

 This is a suit to annul a tax assessment of a partly constructed building, or, in the alternative, to reduce the assessment from $36,-000 to $13,500. The construction was commenced in October, 1928, and was one-fourth completed on the 1st of January, 1929. The contract price of the building, a three-story brick apartment house, was $90,000. In the assessment of the plaintiff’s property for the year 1929, the lots on which the building was being constructed were assessed at $4,610, a frame building on the lots was assessed at $1,000, and the partly constructed apartment house was assessed at $36,000. Plaintiff did not complain of the assessment of the lots, or of the assessment of the frame building, but contended that the partly constructed building was not an improvement or an enhancement of the value of the lots, and was therefore not subject to taxation as long as it was not completed.
 

 The defendants, tax commission, assessor, and tax collector, filed an exception of no cause or right of action and a plea of prescription of thirty days. The plea of prescription was founded upon the second section of Act No. 97 of 1924, p. 152, providing, that a suit contesting the correctness or legality of an assessment cannot prevail unless brought within thirty days after the date of filing of the assessment rolls in the office of the clerk of court. The exception of no cause or right of action and the plea of prescription were
 
 *652
 
 submitted together for decision on the admission that the suit was filed on the thirty-second day after the date of filing of the assessment rolls in the office of the clerk of court.
 

 The district judge maintained the plea of prescription, dismissed the suit, and condemned the plaintiff to pay the statutory penalty of 10 per cent, attorney’s fee, on the amount of
 
 taxes
 
 in contest. The plaintiff appealed to the Court of Appeal; and the court, on its own motion, and on the authority of City of New Orleans v. Arthurs, 36 La. Ann. 98 ; State v. Voorhies, Judge of Civil Dist. Court, 41 La. Ann. 540, 6 So. 821, V. & A. Meyer & Co. v. Pleasant, Tax Collector, 41 La. Ann. 645, 6 So. 258, and State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 So. 294, transferred the case to this court (127 So. 12), on the ground that the plaintiff’s contention that the incomplete building was not subject to taxation raised a question of legality of the tax, and not merely a question of legality of the assessment.
 

 It is conceded by appellant’s counsel — and could not well be denied — that the alternative demand for a reduction of the assessment of the incomplete building from $36,000 to $13,-500, if the incomplete building was subject to taxation, was barred by the limitation in the second section of Act No. 97 of 1924. There, is no reason why the incomplete building should not have been assessed for taxes as a part of the real estate. The admission in the plaintiff’s petition that the building was one-fourth completed and would be worth $90,000 when completed, with the alternative demand for a reduction of the assessment to $13,500, if it should be held valid, was an admission that the incomplete building was property of some value. The second section of Act No. 109 of 1921 (Ex. Sess.) p. 233, levying taxes for the annual revenue of the state, declares that the term “property,” as therein used, shall include every form, character and kind of property, real, personal and mixed, tangible and intangible, “and every other thing of value, in possession, on hand, or under the control, at any time during the calendar year for which taxes are levied, within the State of Louisiana, of any person, firm, partnership, association of persons, or corporation,” etc. Act No. 170 of 1898, p. 386, which, as amended, is the current revenue law, declares (in section 91, subsec. 1) that the term “real estate” shall be held to mean and include, not only land, city, town and village lots, but all things thereunto pertaining, and all structures and other things so annexed and attached thereto as to pass to the vendee by a conveyance of the land or lot. Under that definition the partly constructed apartment house of the appellant was properly assessed as a part of the real estate.
 

 Appellant cites three decisions to support the proposition that a building in course of construction is not subject to taxation as a part of the real estate, viz. Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 So. 970 ; Jasper & E. Ry. Co. v. Martin, Tax Collector, 142 La. 1047, 78 So. 112 ; and State Tax Collector v. Bing Dampskibsaktieselskab, 154 La. 912, 98 So. 417. Those decisions do not maintain that a building which is in course of construction on the 1st day of January is not subject to assessment for the taxes of the current year, as a part of the real estate, or as an improvement on the land on which it is being constructed. In each of the four consolidated cases under the title Bunkie Brick Works v. Police Jury, the construction of the building was commenced after the 1st day of January of the year in which the assessment was made; and in each case the court annulled the assessment of the newly constructed building, under the well-settled doctrine that assessments for taxes are made accord
 
 *654
 
 ing to the condition of things on the 1st day of January of the year in which the assessment is made. In the present case the building was under construction on the 1st day of January of the year in which it was assessed for taxes, and it was properly assessed at the value which it was supposed to have had on the 1st day of January of that year. The case of Jasper & E. Ry. Co. v. Martin, Tax Collector, was a suit to annul the assessment of a railroad for the year 1916, because the road was exempt from taxation for ten years after its construction, under article 230 of the Constitution of 1898. The construction of the road was commenced in April, 1906, and was completed on the 1st of August, that year. The ruling was: “Under the doctrine that taxes are levied and assessments made for the entire calendar year, the 10 years for which a new railroad is exempted from taxation by article 230 of the Constitution are the 10 years next following, but not including, the year during which the construction of the railroad was completed.” In the case of State Tax Collector v. Bing Dampskibsaktieselskab (erroneously written Bings Dampkisaktieselskabet — see Louisiana Shipbuilding Co. v. Bing Dampskibsaktieselskab, 158 La. 548, 104 So. 364 — and being the name of a Norwegian steamship company), an assessment of a steamship, called “Baltic No. 3,” assessed at $175,000, in the parish of St. Tammany, was annulled, on the ground that the steamship was not in existence, as a steamship, at the beginning of the year for the taxes of which she was assessed. The construction of the ship was commenced in St. Tammany parish after the 1st day of January of that year, and she was moved, in an unfinished condition, to New Orleans, in the beginning of the next year.
 

 The judgment dismissing this suit and condemning the plaintiff to pay the attorney’s fee is affirmed.