JANVIER, Judge.
Plaintiff, State Farm Mutual Automobile Insurance Company, moves to dismiss the appeal of the City of New Orleans on the ground that this Court is without jurisdiction, since the sole issue is the legality of a tax.
Plaintiff brought suit against the City of New Orleans seeking the return of $481.81 paid under protest as taxes for the year 1949, on certain “credits” which the plaintiff alleged did not represent taxable property. It alleged that the assessment thereof by the Louisiana Tax Commission was illegal and should be declared null and void and the amount paid as taxes as a result of said illegal assessment should be ordered returned to plaintiff.
From a judgment in favor of plaintiff the City of New Orleans has appealed to this Court.
The question presented by the motion to dismiss the appeal is whether the legality of a tax is involved. If such is involved, then, regardless of the amount, the appeal must go to the Supreme Court, for in section 10, article 7 of the Constitution it is provided that the Supreme Court “shall have appellate jurisdiction in all cases wherein the * * * legality of any tax, * * * levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, ^ t- * ”
*799 Appellant contends that the question is not whether a tax is legal, but merely whether the assessment against the plaintiff should be reduced. The question as we see it is not whether the amount of the assessment on that item is correct, but whether it should be assessed at all. Plaintiff concedes that certain other property and certain other rights are properly assessed, but contends that this particular item is not taxable and that therefore the assessment, insofar as it includes that particular item, is illegal, null and void.
In Esto Real Estate Corporation v. Louisiana Tax Commission, 13 La.App. 81, 127 So. 12, the Court of Appeal of the Second Circuit considered a very similar situation. There the plaintiff corporation brought suit against the Louisiana Tax Commission to annul and cancel an assessment made against a building which was under construction. There were also assessed against the plaintiff certain other properties, including the land on which the building under construction was being erected.
The plaintiff in that case did not complain about the other assessments and did not complain that the assessment against the uncompleted building was too high, — it complained that there should have been no assessment at all against the uncompleted building. The Court of Appeal transferred the appeal to the Supreme Court on the ground that the legality of a tax was involved. The Supreme Court said that the transfer had been made “on the authority of” many cases which were cited.
In Williams v. Sheriff and Tax Collector, 107 La. 92, 31 So. 926, 929, the Supreme Court considered a motion to dismiss an appeal on the ground that there was not involved the “legality of any tax”. The plaintiff, Williams, had purchased from the owner of certain lands the right to cut trees on the property. It was attempted to assess against Williams the value of the trees and he brought suit to annul the assessment. The Supreme Court stated the controversy in a very few words: “The state, as we understand, claims that plaintiff is liable to taxation upon trees on the Godchaux plantation, and the plaintiff denies that he is so liable. If in fact he is not so liable, the tax claimed is, quoad him, illegal. We think plaintiff’s demands strike deeper than the mere assessment. It puts at issue the liability to any assessment at all on the trees. The question of the correctness of the assessment is a consequential one.”
The Court then held that the legality of a tax was involved and that consequently the appeal had been properly taken to the Supreme Court.
In V. & A. Meyer & Co. v. Pleasant, Sheriff and Tax Collector, 41 La.Ann. 645, 6 So. 258, 259, the plaintiff attempted to enjoin the Tax Collector from selling a certain judgment which had been rendered in its favor in the District Court of Union Parish and which judgment had been assessed in that parish against the judgment creditor, domiciled in the City of New Orleans. On appeal to the Supreme Court, motion to dismiss the appeal was based on the ground that there was not involved the legality of a tax. The Supreme Court said: “If the property is not subject to assessment and taxation.in Union parish, then the tax sought to be enforced against it under an .assessment made in said parish is undoubtedly unauthorized by law, and therefore, illegal. This is not a dispute about the quantum or manner of assessment. The claim is that the property is not subject to assessment or taxation in Union parish in any amount or manner. This clearly involves a contestation as to the legality of the tax, of which this court has jurisdiction without regard' to the amount involved. Maguire [McGuire] v. Vogh, 36 La.Ann. 812; Gillis v. Clayton, 33 La.Ann. [285] 286.”
We cannot distinguish those cases from the one before us. The question here is whether taxes may be legally assessed against certain portions of the business of plaintiff, not whether the assessment on those portions of the business is too high, but whether any assessment against them is legal.
We repeat what we have just quoted from the Meyer case, “If the property is not subject to assessment * * * then *800 the tax sought to be enforced against it * * * is undoubtedly unauthorized by law, and therefore illegal.”
Counsel for the City of New Orleans, in answer to the motion to dismiss, suggests that if the appeal was improperly taken to this Court, it should not be dismissed but should be transferred to the Supreme Court under authority of LSA-R.S. 13:4441. Obviously this is the course which should be pursued.
Accordingly the appeal is transferred to the Supreme Court of Louisiana pursuant to law, which transfer is to be effected within sixty days, and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed.
Appeal transferred to Supreme Court