206 So.2d 364

**E. E. CARROLL, d/b/a Carroll Trucking Company**

v.

**ALABAMA PUBLIC SERVICE COMMISSION et al.**

**6 Div. 489.**

Supreme Court of Alabama.

Jan. 11, 1968.

Wm. G. Somerville, Jr., Wm. P. Jackson, Jr., and D. H. Markstein, Jr., Birmingham, for appellees.

Wright & Long, Montgomery, for appellant.

MERRILL, Justice.

This appeal is from a decree reversing an order signed by two (a majority) of the members of the Alabama Public Service Commission.

Appellant Carroll applied for a permit from the Commission to engage in intrastate transportation as a contract carrier by motor vehicle in the transportation of contractor's equipment, materials and supplies over irregular routes from all places in Alabama to all places in Alabama. After a contested hearing before Attorney-Examiner Black, he recommended that the application be granted subject to the limitations that the permit be effective only during the duration (3 years) of a contract between applicant and W. K. Upchurch Construction Company.

Commissioners Pepper and Pool entered an order dated January 17, 1966, approving the application but without the limitations recommended by Attorney-Examiner Black.

The contesting carriers appealed by filing a bill in equity, pursuant to Tit. 48, §§ 79 and 301(27), Code 1940, as amended.

At trial, the following stipulation was presented:

"It is stipulated by and between the parties hereto that Eugene 'Bull' Connor

would, if on the witness stand in this case, testify to the following facts:

"I am the President of the Alabama Public Service Commission and I am familiar with the application filed with the Commission by E. E. Carroll, an individual doing business as Carroll Trucking Company on March 9, 1965, seeking authority to operate as a contractor carrier by motor vehicle in the transportation of contractor's equipment, materials and supplies over irregular routes between all points and places in Alabama (Docket No. 15638) and with the amendment filed by said applicant excluding the transportation of commodities in bulk.

"I attended the hearing of said application held at the Commission Offices in Montgomery, Alabama on April 15, 1965 and was present during the entire hearing. I was the only member of the Commission who was present during the entire hearing. Neither during the hearing nor any time subsequent to then has Commissioner Pepper or Commissioner Pool discussed the evidence in this case or the proposed Order with me or given me a chance to discuss it with them. I have received no notice of any meeting of the members of the Commission for the purpose of discussing this case or the evidence here involved and I have had no opportunity to attend such a meeting or to deliberate with the other members of the Commission or to impart to them my ideas about this case or to hear their ideas and views. I know and state as a fact that in the determination of this case and any rendition of its Order dated January 17, 1966, the Commission has not met or acted as a body. I have requested that I be given an opportunity to be present and to discuss all cases with the other members of the Commission before any final order is made by the other members of the Commission. I have not been given this opportunity in this case.

"It is further stipulated and agreed that the Court may consider the forego-

ing as testimony in this case in the same manner as when evidence is introduced in the ordinary way, but it is further stipulated and agreed that any of the parties may object to any of the stipulated facts on the ground that the facts are irrelevant or immaterial, or on any grounds they may choose to assign."

Carroll, appellee in the circuit court, argued that President Connor's statement was inadmissible, that the word "misconduct" in Tit. 48, § 82, was tantamount to fraud, and that the evidence supported the order.

The trial court disagreed with Carroll in each of the three instances and also found that the failure of the Commission to act as a body constituted prejudicial error requiring the order of the Commission to be vacated. Carroll then appealed to this court.

It is not necessary for us to consider or discuss the sufficiency of the evidence.

■ Our holding in Alabama Public Service Commission v. Redwing Carriers, Inc., Ala., 199 So.2d 653,[1] that an order of the Commission, made under similar circumstances to that here, was void, is controlling here and supports the holding of the trial court that the failure of the Commission to act as a body required a reversal. In *Redwing*, we held that the members of the Commission must act as a body when a quorum is present, and each Commissioner must be given reasonable notice of meetings of the Commission and accorded an opportunity to be present if feasible.

But appellant argues that the statement of Commissioner Connor contained in the stipulation is not admissible under Tit. 48, § 82, Code 1940, which provides:

"The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title

and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence. Provided, however, the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing, remand the cause to the commission for the purpose of taking additional testimony or other proceedings."

Appellant contends that the Legislature intended "misconduct" to be that kind of misconduct that amounts to fraud, and there is no argument made by appellees that the actions of the two majority members of the Commission were fraudulent.

■ In construing a statute, every word and each section thereof must be given effect, if possible, and construed with other sections in pari materia. Smith v. Smith, 266 Ala. 118, 94 So.2d 863; City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671. If "misconduct" is to be construed as synonymous with "fraud," the Legislature did a useless thing by listing "misconduct."

■ "Misconduct" is defined as "wrong conduct; bad behavior, mismanagement," Bailey v. Examining & Trial Board of Police Department of City of Helena, 45 Mont. 197, 122 P. 572. The word "misconduct" has several different meanings; it is bad behavior, wrong conduct; in usual parlance, a transgression of some established and definite rule of action, where no discretion is left, except what necessity may demand; it does not necessarily imply corruption or criminal intention, but implies wrongful intention, and not mere er-

---

1. Ante, p. 111.

ror of judgment. Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636; Words & Phrases, "Misconduct," Vol. 27, pp. 466, 467.

■ It was misconduct for two members of the Commission to issue a certificate of convenience and necessity without meeting as a body and failing to notify the third member of the Commission that they were going to pass on and decide the matter.

■ It follows that the testimony of Commission President Connor was admissible because it vitally affected the order signed by a majority of the Commission. The testimony showed that the order was void under our holding in *Redwing*, supra. The order being void, there is no need to consider whether it was supported by the evidence.

Affirmed.

SIMPSON, COLEMAN and HAR-WOOD, JJ., concur.