JONES, Justice
(dissenting):
I do not agree with the majority opinion that the offense charged was not “connected” with the office of County Treasurer. The constitutional phrase “or connected therewith” must be given an interpretation according to its plain and obvious meaning. Rules of constitutional and statutory construction abhor redundancy. See Carroll v*Alabama Public Service Commission, 281 Ala. 559, 206 So.2d 364 (1968). The majority opinion renders “connected therewith” a total redundance. Parker’s conduct in offering the deputation to Mrs. Pratt was directly in connection with the office of County Treasurer to which he had been elected and sworn his oath to. If “connected therewith” has any meaning or purpose whatsoever, that meaning and purpose must be given effect in the context of these particular facts.
The only statement of the majority, found near the end of the opinion, which addresses itself to the words “connected therewith,” is “[W]e cannot see how an individual’s acts could possibly be connected with an office which he did not hold ei *810 ther de jure or de facto at the time the alleged acts were committed.” This statement, in my opinion, totally disregards the existence of all language beyond the phrase “while in office.” It seems obvious to me that the plain meaning of the constitutional language — “ . . . for any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith” — was intended to categorize as impeachable any conduct amounting to an offense involving moral turpitude connected with the misuse of the office. The fact that the alleged conduct here occurred five days before his term of office began makes the offense no less “connected” with the office.
Ordinarily, the constitution is thought of in the context of personal guarantees which are invoked for the protection of the criminally accused or for the upholding of individual rights; but its application is not so limited. I believe that any erosion of our organic law, however slight, and in whatever context, serves ultimately to threaten individual liberty. Where constitutionally mandated, the protection of society as a whole is but the aggregate of individual protection. Strict construction of the constitution is the only guideline for that high degree of vigilance so indispensable to its preservation — the only foundation of a government of laws and not of men.
In registering this dissent, I wish to make clear that I have limited my consideration of this case to the only point addressed in the majority opinion. Appellant insists that there are at least two additional substantive issues which, independent of the “term of office” issue, merit a reversal of his conviction. In view of the holding of the majority, which has the effect of rendering this cause, I perceive no purpose that would be served by expressing an opinion as to whether the defendant’s conviction is reversible on other grounds; therefore, I have pretermitted any consideration of those issues not addressed by the majority.
HEFLIN, C. J., concurs.