HOLMES, Judge.
This is a tax case.
Plaintiff, Regency Development Company, Inc. (Regency), appeals an assessment by the Jefferson County Board of Equalization and Adjustment (Board) in which the Board assessed a lot with partially complete ed improvements.
Regency challenges the inclusion in the assessment of the unfinished improvements, a high rise multi-family residential building.
Viewing the record with the attendant presumptions, the following facts are re *561 vealed: During 1980, Regency was constructing a seven-story building containing condominiums along with a swimming pool and other facilities. As of October 1, 1980, the construction was approximately 75% complete, but no units were ready for occupancy.
The Board, after a visit by one of their members to the site and an appraisal, included the value of the unfinished building in this appraisal and resulting tax bill. The Board’s policy is to assess and tax improvements which are more than 70% completed by October 1 of any given tax year.
Regency appealed the decision by the Board to the Jefferson County Circuit Court, Equity Division. After a hearing, the trial court held the Board had authority under the Alabama statutes to tax the improvements involved, and the trial court denied Regency’s prayer for relief. From this order Regency appeals, and we affirm.
Alabama Code § 40-7-1 (1975) provides in pertinent part that:
“The tax assessor in each of the several counties shall have the right and authority, beginning October 1, 1951, and annually thereafter, to assess all real estate, together with improvements thereon ... to the party last assessing the same, or to the owner of record, except such real estate and personal property which is now or may hereafter be assessed by the department of revenue.... Should the owner of any real estate make improvements on such property, or should any improvements be removed or destroyed or partially removed or destroyed during any taxable year, it shall be the duty of such owner to make a tax return between October 1 and prior to January 1 covering all such changes made subsequent to October 1 of the preceding tax year. Improvements partially completed on October 1 shall be reported to the tax assessor by the owner thereof and shall be assessed as incomplete for that tax year .... ” (Emphasis added.)
The dispositive issue in this case involved the interpretation of the phrase, “and shall be assessed as incomplete for that tax year.”
Regency, through able counsel, contends the inclusion of that phrase in § 40-7 — 1 means the taxing authorities may not tax partially complete improvements to land. The Board contends the phrase means partially completed improvements may be assessed and taxed at the fair market value of the incomplete improvements.
In construing a statute, every word and each section must be given effect, if possible, and construed with other sections in pari materia. Carroll v. Alabama Public Service Commission, 281 Ala. 559, 206 So.2d 364 (1968). We must therefore interpret the phrase in question in light of the other related sections. .
Section 40-1-1 of the Alabama Code (1975), defines real property as including “not only land, city, town and village lots, but also all things thereunto pertaining, and all structures, and all other things so annexed or attached thereto as to pass to a vendee by the conveyance of the land or lot.” § 40-1-1(2).
Improvements are defined as: “All buildings, structures, walls, fences, and any other things erected upon or affixed to the land.” § 40-1-1(5).
Clearly, these definitions are broad enough to encompass the partially completed building in the instant case. See Esto Real Estate Corp. v. Louisiana Tax Commission, 170 La. 649, 129 So. 117 (1930), in which the Louisiana Supreme Court held that a partly constructed building had value, and was taxable because it fit within the Louisiana statutory definition of real estate, a definition very similar to Alabama’s definition of real property.
Section 40-ill-l, Ala.Code (1975), specifically states that “[e]very piece, parcel, tract or lot of land in this state, including therein all things pertaining to such land, and all structures and other things so annexed or attached thereto as to pass to a vendee by conveyance of such land” shall be subjected to ad valorem taxes unless “exempted by law.” Partly constructed improvements are *562 not listed among the subjects of taxation which are exempted by law under § 40-9-1, Ala.Code (1975).
In the instant case, the partly constructed building at issue is to this court taxable under § 40-11-1 since it is “attached thereto as to pass to a vendee by conveyance of such land.” See Esto Real Estate Corp. v. Louisiana Tax Commission, supra. The unfinished building is not removed from inclusion under that section by any exemptions listed in § 40-9-1. Reading the questioned phrase, “and shall be assessed as incomplete for that year”, in pari materia with the above quoted sections would indicate the legislature meant unfinished improvements may be assessed and taxed at the fair market value of their unfinished state.
Such a reading of the phrase in question is further supported by the definition of “assess” from our case law. “Assessment is quasi-judicial, and consists in making out a list of the taxpayer’s taxable property, and fixing its valuation or appraisement.” Beltona Coal & Mining Co. v. Hawkins, 210 Ala. 359, 360, 98 So. 26 (1923). Assessment for the purpose of taxation consists “of a listing and an appraisal of the value of the items of property listed.” State v. Bradley, 207 Ala. 677, 679, 93 So. 595, 597 (1922).
Section 40-7-1 grants the tax assessor the authority to “assess all real estate, together with improvements.” It grants the tax assessor the authority to assess “as incomplete” unfinished improvements. It is logical to assume the legislature meant the same meaning to apply to the use of assess in both uses. Applying the meaning of assess as quoted above means § 40-7-1 grants the tax assessor the right to list and fix the value or appraise the value of all real estate, improvements, and partially completed improvements. The only thing which is different in the mode of assessing real property, improvements and partially complete improvements is that partially complete improvements are assessed “as incomplete,” that is, at a fair market value on the improvement in its unfinished state.
Section 40-11-1 clearly provides that partially complete buildings may be taxed. Just as nothing in § 40-9-1 exempts partially constructed buildings, nothing in the language of § 40-7-1 operates to exempt such unfinished improvement. Section 40-7-1 grants the authority to assess partially unfinished buildings and § 40-11-1 grants the authority for such improvements to be taxed.
Furthermore, we note what Regency seeks is, in effect, an exemption from taxation on its partially completed condominium building based on the phrase, “and shall be assessed as incomplete .... ” It is well settled by numerous cases that taxation is the rule and exemption the exception. State v. Bankhead Mining Co., 279 Ala. 566, 188 So.2d 527 (1966). When it is claimed that property is exempt from taxation, the intent of the legislature to relieve such property of its public burden must be expressed in clear and unambiguous terms, and such release should not be deduced from language of doubtful import, nor where there is room for reasonable controversy as to legislative intent. State v. Bankhead Mining Co., supra; 18 Ala.Digest, <¾=>203, 204(a).
With that principle in mind we cannot find the phrase in question creates an exemption. Nor do we find anything in § 40-7-1 or other relevant sections which prohibits the Board from the actions taken pursuant to this case.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.