## UNION PORTLAND CEMENT CO. v. MORGAN COUNTY.

No. 4153.   Decided November 19, 1924.   (230 Pac. 1020.)

1. TAXATION—PROPERTY, FOR ANY REASON OMITTED FROM ASSESS-
   MENT ROLL, MUST BE ASSESSED. Under Comp. Laws 1917,
   § 5984, subsec. 22, as amended by Laws 1919, c. 114, and sec-

tion 5908, property for any reason omitted from assessment roll, or not assessed in regular order or at proper time, must be assessed by assessor or by board of equalization, when the omission is discovered.

2. TAXATION—INCOMPLETED PERMANENT IMPROVEMENTS AND NEW BUILDINGS UNDER CONSTRUCTION ASSESSABLE AT CASH VALUE ON JANUARY 1. Under Const. art. 13, § 3, and Comp. Laws 1917, § 5866, incomplete permanent improvements and new buildings in course of construction on January 1, 1921, should be assessed for year 1921 at their cash value on January 1, 1921, same as other property.

3. TAXATION—INCOMPLETE PERMANENT IMPROVEMENTS AND NEW BUILDINGS UNDER CONSTRUCTION HELD OMITTED FROM OWNER'S TAX STATEMENT. Incomplete permanent improvements and new buildings under construction on January 1, 1921, *held* omitted from owner's tax statement for 1921, so as to authorize additional assessment, where statement used same language as statement for 1920.

4. TAXATION—WHETHER VALUATION BY STATE BOARD OF EQUALIZATION IN MAKING ASSESSMENT WAS TOO HIGH OR TOO LOW IS NOT JUDICIAL QUESTION. Whether valuation by state board of equalization in making assessment was too high or too low is not a judicial question, but is matter for board to determine.

Appeal from District Court, Second District, Morgan County; *J. N. Kimball,* Judge.

Action by the Union Portland Cement Company against Morgan County. Judgment for plaintiff, and defendant appeals.

REVERSED and REMANDED, with directions.

*C. R. Hollingsworth,* of Ogden, for appellant.

*Henderson & Johnson,* of Ogden, for respondent.

See 37 Cyc., pp. 1012, 1018, 1111.

FRICK, J.

The plaintiff, a corporation, brought this action in the district court of Morgan county to recover judgment for the sum of $1,248. It is not necessary to set forth the pleadings, except to state that the plaintiff, in its complaint, alleged that it was required to pay the foregoing sum upon an illegal and excessive assessment for the year 1921; that it paid the foregoing money under protest, and was entitled to recover judgment for the same.

The defendant, in its answer, denied that the assessment was illegal or excessive, and averred that the plaintiff had failed to list a large part of its property for assessment for the year 1921, and that when the state board of equalization discovered the omission it had assessed the omitted property, fully stating the facts with regard to the omission and the assessment.

The evidence is not in conflict, and we shall state so much of the facts as is deemed necessary to a full understanding of the questions discussed in connection with the particular propositions decided.

Under the statute, plaintiff's property was required to be assessed by the state board of equalization, instead of by the local assessor of the defendant county. The plaintiff, as well as all other taxpayers who come within plaintiff's class, is required to make an annual statement under oath and transmit the same to the state board of equalization, in which the kind, description, and value of the property owned by each taxpayer must be fully stated. The board is then required to assess the property for taxation. The plaintiff, within the time required by law, made and transmitted a statement which it averred contained the kind, description, and value of the property owned by it and subject to taxation for the year 1921. The statement is as follows:

"Real estate, $13,750; cottages and club, $45,000; office building, hotel, and factory building, and machinery therein, $602,500; machinery and tools at quarry $35,000. Total $696,250.

The state board of equalization assessed the property at the value given in the foregoing statement. The record discloses that when the assessment was made the board believed that the statement presented by plaintiff contained all of

the taxable property owned by it, and that the same was assessed at its full value. Later in the year, however, the board received information from the local assessor and one of the county commissioners that the plaintiff had failed to render a full, true, and correct statement of its property and the value thereof for the year 1921. The state board of equalization thereupon made an investigation and discovered that the plaintiff had omitted from its statement the following property, to wit:

"Five 5-room cottages; club building 140 ft. x 110 ft.; improvements to main building and old hall; one apartment house 126 ft. x 24 ft. containing 18 rooms."

The state board of equalization assessed the foregoing property at the valuation of $80,000, and at once notified the plaintiff that it had made the additional assessment aforesaid, and informed it that, if it desired to interpose any objection to the assessment as made, a time for a hearing would be fixed. The plaintiff replied to the notice, informing the board that plaintiff did object to the additional assessment, and that it desired a hearing. A hearing was accordingly had, after which the board reduced the amount of the additional assessment from $80,000 to $60,000, and reported the latter amount to the auditor of the defendant county, for the purpose of placing the same upon the tax roll and to include it within the tax levy for the year 1921, which was accordingly done, and the tax levy upon the $60,000 amounted to the sum of $1,248 which is the amount for which plaintiff asks judgment in its complaint.

It should be stated here that the foregoing assessment was made after the time for making regular assessments had elapsed, but before the tax levy was made for the year 1921. The district court, in effect, found that the plaintiff, in its statement, had listed all of its taxable property for the year 1921, and that hence the additional assessment was excessive and invalid. Judgment was accordingly entered in favor of the plaintiff and against the defendant for said sum of $1,248, with legal interest, from which the defendant appeals.

The defendant insists that the court grievously erred both in its findings of fact and conclusions of law, and asks that the judgment be reversed. The theory upon which plaintiff seeks to sustain the judgment of the district court is that the plaintiff had listed all of its taxable property for the year 1921; that the same was assessed at its full value; and that therefore the additional assessment was without authority of law. In their brief, plaintiff's counsel state their position in the following words:

"That when the board has once performed its duty it cannot raise these assessments afterwards by calling it an additional assessment, without showing that it has honestly overlooked some property, or that it has been imposed upon by fraud or mistake.

"Under subsection 22, Sess. Laws 1919, p. 331, the board cannot arbitrarily increase the assessment of property and say it is done to correct an error."

While we are not disposed to disagree with counsel regarding the foregoing statement, yet, in our judgment, it is quite immaterial for what reason property was omitted from the assessment roll. The only question is: Was it omitted? and, if it was, it is the duty of the assessor (in this case, the board of equalization) to assess it. As we shall point out hereinafter, if property is willfully or fraudulently concealed by the owner, he is subject to a penalty, while, if it was omitted for some innocent reason, it must be assessed the same as all other property.

The evidence with regard to whether plaintiff's property had all been assessed or not for the year 1921 is entirely without conflict. As already pointed out, the statement furnished by plaintiff to the state board of equalization for 1921 did not, as a matter of description, include the property which constitutes the additional assessment. The evidence shows that the additional assessment was for improvements on old buildings and for entirely new buildings, all of which improvements were made and the new buildings erected late in the year 1920; that the improvements and buildings were in course of construction on the 1st day of January, 1921, and that they were not fully completed until in February, 1921; that plaintiff, according

to the statements of its officials, had expended on these improvements and new buildings "between $75,000 and $80,000" and that not all of that amount had been expended on the 1st day of January, 1921. The undisputed facts, therefore, are that plaintiff had, during the fall of the year 1920, made valuable and permanent improvements, and had constructed some new buildings, which were, however, not quite complete, and ready for occupancy on the 1st day of January, 1921. Were those new buildings and improvements assessable for the year 1921?

Our Constitution (article 13, § 3) provides:

"The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property."

Comp. Laws Utah 1917, § 5866, provides:

"All taxable property must be assessed at its full cash value. Land and the improvements thereon must be separately assessed."

The statute further provides that all property must be assessed at its full cash value as of the 1st day of January in each year. All property must therefore **2** be assessed for the ensuing year at such a cash value as it has on the first day of January.

From the foregoing it is apparent that all property, although in course of construction, if it possesses value, should nevertheless be assessed at its cash value, the same as all other property.

As we understand plaintiff's counsel, they do not, at least not seriously, dispute the statement just made. Counsel, however, insist, and it appears that the district court ruled, that all of the improvements that were being made, together with the buildings in course of construction, on the 1st day of January, 1921, were included in plaintiff's statement for that year as transmitted to the state board of equalization. The evidence is, however, conclusive that neither the improvements nor the new buildings in course of construction were mentioned in the statement. Defendant's counsel of-

fered to show (and for that purpose offered plaintiff's statement for the year 1920 in evidence) that plaintiff's statement for the year 1920 was couched in precisely the same terms as was the statement for the year 1921. In other words, that the property listed for taxation for 1921 was described precisely the same as it was described for the year 1920. True, the court, on plaintiff's objection, excluded the statement for the year 1920, but the statement was merely cumulative evidence of the fact just stated, and hence its exclusion is not material, except that it would more conclusively have shown that the statements for the two years were identical. The evidence is however, ample that neither the improvements that were being made nor the new buildings that were in course of construction on the 1st day of January, 1921, were included in plaintiff's tax statement for the year 1921. Our statute (Comp. Laws 1917, § 5984, as amended by Laws Utah 1919, c. 114, p. 331), in defining the powers of the state board of equalization, for the purpose of making assessments of property, provides:

" * * * (22) To correct any error in assessment made by the board at any time before the tax is paid thereon and report such correction to the county auditor who shall thereupon enter the same upon the assessment roll."

The foregoing language clearly implies that, in case property has been omitted, or has escaped assessment, it shall be assessed and placed "upon the assessment roll," and be taxed as other property. That is precisely what the state board of equalization did in this case. There are, however, numerous other provisions of our statute which clearly indicate that, if for any reason, property is omitted from the assessment roll, or has not been assessed in the regular order or at the time contemplated by law, it shall nevertheless be assessed. Comp. Laws Utah 1917, § 5908, provides:

"Any property discovered by the assessor to have escaped assessment may be assessed at any time, and when so assessed shall be reported by the assessor to the auditor, and the auditor shall charge the county treasurer with the taxes on such property, and the treasurer shall give notice to the party assessed therewith."

Another section (section 5907) provides that, if "any

property is willfully concealed, removed, transferred or misrepresented by the owner,'' to avoid taxation, it shall be assessed at double its value. As a matter of course, where a statement is furnished to the state board of equalization by a taxpayer, in which some property is omitted, the board cannot always ascertain the facts until some time has elapsed. Moreover, the board, in such matters, must rely, to some extent at least, on the local assessor or other local officials. Is it not pertinent to ask why the state board of equalization, who is the assessor for all property coming within a certain class, should not have the same power to assess escaped property as is given to the local assessor in section 5908, supra? Moreover, if it be the duty of the local assessor to assess property not listed for taxation, why is it not equally his duty to report such property to the state board of equalization, so that it may be assessed, precisely as was done in this case?

There is, there can be no question concerning the precise power and duty to assess property that has been omitted any time before taxes have been paid. In this case it is beyond dispute that the plaintiff did not include the improvements and the new buildings in the statement which it transmitted to the state board of equalization for the year 1921, except that it be held that it was included in the general statement which was the same as it was **3** for the year 1920. From the fact that it was not then included, it necessarily follows that the property which is included by the state board of equalization in the additional assessment had not been listed or assessed for the year 1921. If that be so, the board clearly acted within its power and authority in making the additional assessment.

The question of whether the board assessed the property at too high or too low a valuation is not a judicial one. That was a matter for the board to determine. Besides, the plaintiff was given ample opportunity to be heard as to that, and was in fact heard, and after a hearing was had the board reduced the assessment, as hereinbefore stated. From the undisputed facts, and from what has been said,

it necessarily follows that the district court erred in     4
making its findings of fact and conclusions of law.
From the evidence, which is without dispute, but one find-
ing and conclusion is permissible, and that is that the prop-
erty included in the additional assessment had not been
listed for assessment when the board made the assessment
for the year 1921, and hence was properly and legally in-
cluded in the so-called additional assessment.   In view that
the whole question is one of law merely, we could subserve
no good purpose in merely reversing the judgment and
granting a new trial.

It is therefore ordered that the judgment of the district
court of Morgan county be, and the same hereby is, reversed
and set aside, and the cause is remanded to said court, with
directions to dismiss the complaint.   Defendant to recover
costs.

WEBER, C. J., GIDEON and CHERRY, JJ., and
WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.