450 P.2d 97

**BUILDERS COMPONENTS SUPPLY COMPANY, Plaintiff and Respondent,**

v.

**S. Clifford COCKAYNE, County Assessor, Defendant and Appellant.**

No. 11194.

Supreme Court of Utah.

Jan. 30, 1969.

Gordon B. Christenson, County Atty., Samuel E. Blackham, Deputy County Atty., Salt Lake City, for appellant.

Ronald C. Barker, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Plaintiff, Builders Components Supply Company, a corporation, sued Salt Lake County for return of taxes paid under protest assessed against its personal property for the years 1962, 1963 and 1964. From adverse judgment the County appeals.

The plaintiff's contention is that its personal property has been subjected to double taxation. For the years 1962, 1963 and 1964 there had been an assessment of certain personal property taxes totaling $269.26 against the corporation's president, Grant Hall, at the address of the business. The fact is that Mr. Hall owned no personal property there and that whatever personal property was there belonged to the plaintiff corporation. The challenged assessment against the corporation resulted because Leon Pritchett, an auditor for the County Assessor, went to the plaintiff's place of business and was impressed that its equipment and merchandise was of substantial value. He examined the corporation's books and found that there had been no assessments or payments of personal property taxes. As a consequence, an assessment was then made against the personal property of the corporation on the correct tax basis amounting to $3,141.52. Pursuant to negotiations between the parties, the County later credited plaintiff corporation with the $269.26 which had been paid by Grant Hall, and plaintiff paid the balance under protest and brought this suit.

We have no disagreement with certain basic propositions advocated by the plaintiff: that the only power the assessor has to assess property is that delegated to him by the legislature; that where a valid assessment has been made by an assessor cognizant of the facts, undervaluation is ordinarily not a ground for another assess-

ment; and that property should not be subjected to double taxation. But as will be seen below, we do not see those principles as defeating the assessment in question here. The same is true of the sections of our statutes, 59–5–4, 8, 9, 10, 16, and 17, U.C.A. 1953, on which plaintiff relies in support of its contention that taxes having been assessed against Grant Hall, there cannot be a further assessment against the plaintiff. Those sections, except 16, which provides for a sanction for intentional evasion of taxes, simply enumerate the powers of the procedure for the assessor to follow in the taxing process, including that he must ascertain all persons and property within the county subject to taxation. But we see nothing in those sections to indicate either directly or by necessary implication that if such duties are not performed and the assessment made, the property escapes taxation.

In an awareness of the difficulties involved in performing these duties with respect to the thousands of persons and properties within a county, and the necessity that all properties be subjected to equal taxation insofar as that is possible, the legislature has provided an expedient for assessing property when the assessor has not obtained adequate information.

Section 59–5–10 U.C.A. 1953 provides:

If any person, after demand made by the assessor, neglects or refuses to give, under oath, the statement hereinbefore provided for, the assessor must note the refusal on the assessment book opposite his name, and must make an estimate of the value of the property of such person based on known facts and circumstances, and value so fixed by the assessor shall not be reduced by the county board of equalization or by the state tax commission.

It was by the procedure authorized by this Section that the assessments in the name of Grant Hall were made. The notices of assessment have stamped upon them the following:

No Statement Received. Arbitrary Assessment for _____ [year inserted] Made Under Section 59–5–10 Utah Code Annotated 1953

■ This purported arbitrary assessment in the name of Grant Hall, of some personal property not owned by him, which was neither seen nor actually appraised by the assessor, was but an erroneous and ineffectual attempt through a substitute expedient procedure to collect a tax from one who had no obligation to pay it. The important fact here is that this cannot realistically and justly be considered to have been an assessment against the property of the plaintiff corporation, nor to discharge the corporation's obligation to pay its lawful taxes. When the assessor learned that insofar as the plaintiff corporation and its personal property are concerned, there had

never been any previous assessment and it had paid no taxes thereon, he proceeded in accordance with the duty imposed upon him by Sec. 59–5–17, U.C.A. 1953:

> Any property discovered by the assessor to have escaped assessment may be assessed at any time, and the assessor shall enter such assessments on the tax rolls in the hands of the county treasurer * * *, and the assessor shall give notice to the person assessed therewith and the assessor shall forthwith proceed to secure or collect the taxes as provided in chapter 10 of this title.

The question as to the propriety of the County allowing the plaintiff corporation credit for the tax payment by Mr. Hall is not before us and therefore not our concern. However, the fact that a county official considered it equitable and proper to allow plaintiff corporation that benefit should not prejudice the County in collecting the lawful tax on plaintiff's property.

■ We have made the observations in this opinion and have arrived at our conclusion in awareness that statutes imposing taxes and prescribing tax procedures should generally be construed favorably to the taxpayer and strictly against the taxing authority. Such rules, though salutary in proper circumstances, should not be so applied as to defeat or obstruct the correct operation and the application of taxing procedures. The payment of taxes is bur-

densome. But the means of relief is not to be found in allowing some taxpayers to slip by without paying their fair share and thus putting an even greater burden on others.

The judgment is reversed. No costs awarded.

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.