**Lawrence E. SIZEMORE and Louise Sizemore, Appellants,**

v.

**CLEVELAND COUNTY ASSESSOR and Cleveland County Board of Equalization, Appellees.**

**No. 59229.**

Supreme Court of Oklahoma.

Nov. 13, 1984.

Larry Sizemore, Inc. P.C., Oklahoma City, for appellants.

J. Tully McCoy, Dist. Atty. for the 21st Judicial District, Norman, for appellees.

KAUGER, Justice.

The dispositive question presented is whether a partially constructed office building may be classified, and ad valorem taxes assessed at the rate of its intended

use, as an improvement to real property even if a certificate of occupancy has not been issued by the city where the property is located. We answer in the affirmative.

The appellants, Lawrence E. and Louise M. Sizemore, owned a building in Cleveland County which was damaged by fire in 1979. During 1981, the damaged building was removed, and construction was begun on a new building. The Sizemores stipulated that in 1981, and in 1982, the property in question was classified for use as an office, and that by January 1, 1982, they had spent $25,169 on replacement costs. On that date, for purposes of ad valorem taxation, the county assessor assessed the improvements using the uniform tax rate for the county at the exact amount of the construction expenditures. The assessment was appealed to the Cleveland County Board of Equalization which sustained the initial assessment. The matter was then appealed to the district court, and the order of the Board of Equalization was upheld. Thereafter, the appellants lodged an appeal in this Court.

## EVEN IF A CERTIFICATE OF OCCUPANCY HAS NOT BEEN ISSUED BY THE CITY WHERE THE PROPERTY IS LOCATED, AN INCOMPLETE UNUSED COMMERCIAL STRUCTURE IS SUBJECT TO BEING PLACED ON THE AD VALOREM TAX ASSESSMENT ROLLS FOR THE ENSUING TAX YEAR

Although the issue of whether an unfinished business building is subject to ad valorem taxation has not been decided by this Court, the question has been considered by several jurisdictions. The majority have found that in the absence of contrary constitutional or statutory provisions, partially completed construction is taxable.[1] However, the Sizemores contend that in Oklahoma an unused partially constructed office building may not be assessed at the rate of its intended use; and that the building may not be placed on the ad valorem tax assessment rolls until a permit of occupancy has been issued by the city where the property is located.

Exemption from taxation is the exception not the rule.[2] The party claiming that the property is not subject to taxation has the burden of pointing out some specific provision which unequivocally supports the contention of non-taxability.[3] The Okla.Const. art. 10 § 8 and 68 O.S.1981 § 2427(b)(1)(2) each provide that all property subject to ad valorem taxation shall be assessed by the county assessor at the rate of 35% of its fair market value for its highest and best use[4] as actually used during the preceding year, or if it is not actually used in a preceding year, as last classified for use. The statute establishes use as being either present or past, and it determines value to be that sum which a voluntary purchaser would pay a voluntary seller for the property as classified for use. The Sizemores stipulated that in 1981, and in 1982, the tax year in question the property was classified for use as an office. This stipulation meets the statutory require-

---

1. *Wagner v. Bd. of Review of City of Glenwood,* 232 Iowa 58, 4 N.W.2d 405–06 (1942); *Esto Real Estate Corp. v. Louisiana Tax Com'n,* 170 La. 649, 129 So. 117–18 (1930); *Union Portland Cement Co. v. Morgan County,* 64 Utah 335, 230 P. 1020, 1022 (1924); *Regency Dev. Co. v. Jefferson Cty. Bd. of Equal.,* 437 So.2d 560–61 (Ala.Civ. App.1983); *County of Maricopa v. North Central Dev. Co.,* 115 Ariz. 540, 566 P.2d 688, 690–91 (1977).

2. *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233, 1238 (Okla.1982).

3. *County of Maricopa v. North Central Dev. Co.,* 115 Ariz. 540, 566 P.2d 688, 690 (1977).

4. The Okla.Const. art. 10 § 8 provides:

"All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, except real property and tangible personal property shall not be assessed for taxation at more than thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale. Provided, however, that no real property shall be assessed for ad valorem taxation at a value greater than thirty-five percent (35%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the

ment of classification based upon the prior use.[5]"

Title 68 O.S.1981 § 2404 provides that all property in this state is subject to taxation except that which is specifically exempt by law or relieved from ad valorem taxation by payment of an in lieu tax.[6] No exemption for incompleted commercial buildings has been provided by statute nor has it been exhibited by the appellant—the contrary is true. The legislature singled out incomplete residential improvements for special treatment when it enacted 68 O.S. 1981 § 2427(d).[7] This statute permits the assessor to assess property based on the

value of the land and of raw materials utilized in construction rather than the value of the completed structure. The legislature refused to extend this provision to commercial buildings and specifically stated, in a rare expression of legislative intent, that this provision was applicable only to single family residential dwellings, and that the application of this provision to commercial, industrial, or multi-family structures would give the provision an out-of-context meaning.[8]

 The argument that property cannot be taxed until a permit of occupancy is obtained is unpersuasive. Although some

first day of January on which the assessment is made. Provided, further, that the transfer of property without a change in its use classification shall not require a reassessment based exclusively upon the sale value of such property. In connection with the foregoing, the Legislature shall be empowered to enact laws defining classifications of use for the purpose of applying standards *to facilitate uniform assessment procedures in this state.* Any officer or other person authorized to assess values or subjects for taxation, who shall commit any wilful error in the performance of his duty, shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law."

5. It is provided by 68 O.S.1981 2427(b)(1), (2): "(b) All taxable real property shall be assessed annually as of the first day of January, at not to exceed thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale for:
 (1) The highest and best use for which such property was actually used during the preceding calendar year; or
 (2) The highest and best use for which such property *was last classified for use if not actually used during the preceding calendar year.*"

6. It is also provided by 68 O.S.1981 § 2404: "All property in this state, whether real or personal, except that which is specifically *exempt by law, and except that which is relieved* of ad valorem taxation by reason of the payment of an in lieu tax, shall be subject to ad valorem taxation."

7. Appellants do not attack the constitutionality of 68 O.S.1981 § 2427(d) which provides: "(d) *If any real property shall become taxable after January 1 of any year, the county assessor shall assess the same and place it upon the tax rolls for the next ensuing year;* or when any improvements or buildings having value are placed upon real estate after January 1 of

any year, the value of such improvements shall be added by the county assessor to the assessed valuation for the next ensuing year; provided, however, in case such improvements or buildings are new construction for single family residential purposes only, such improvements or buildings shall be deemed completed and to have a value for assessment *purposes when such improvements or buildings shall have been conveyed to a bona fide purchaser or when they have been occupied,* whichever shall first occur before January 1 of the initial assessment year, in the event that such single family residential improvements were not conveyed to a bona fide purchaser, occupied or completed within the year prior to January 1 of the initial assessment year, the county assessor shall assess such improvements based on the fair market value of the materials used therein; however, in no event shall the improvements or buildings aforesaid *be so assessed for more than one (1) calendar year immediately following the year in which construction was commenced.* In case improvements on land are destroyed by fire, lightning, storm, winds, flood waters, overflow of streams or other cause, or the value of land is impaired, damaged or destroyed by fire, lightning, storm, winds, floodwaters, overflow of streams or other cause, after January 1 and before the adjournment of the county board of equalization during any year, the county board of equalization, in cooperation with the county assessor, shall determine the amount of damage, and shall make an order directing the assessment of said property for that year at not to exceed thirty-five percent (35%) of the fair cash value thereof, as hereinbefore defined, taking into account the damage occasioned by fire, lightning, storm, winds, floodwaters, overflow of streams or other causes."

8. The resolution adopted by the legislature in Laws 1973, p. 568 S.C.R. No. 88 states: "WHEREAS, 68 O.S.1971, § 2427, relating to annual assessment of real property, is of pro-

jurisdictions have enacted legislation which exempts buildings which are not ready for occupancy from assessment, Oklahoma has not.[9] A plain reading of § 2404 reflects that all property, even property in the course of construction, possesses value and that it should be assessed at its cash value the same as all other improvements to the real estate. Use is irrelevant in determining how much it cost the Sizemores to partially construct the property. Unless the property was assessed considering the fire damage allowed by § 2427(d), it appears that even though the Sizemores were not entitled to the special residential cost method under § 2427(d), this method was actually used by the assessor in making the assessment.

The Sizemores have failed to demonstrate that the property falls within a tax exempt classification, and 68 O.S.1981 § 2427(d) provides that when any improvements or buildings having value are placed on real estate after January 1 of any year, the value of the improvements shall be added by the county assessor to the assessed valuation for the next year. Not only has the legislature refused to exempt commercial improvements from taxation, it has specifically included them. The partially completed building was properly added to the tax rolls as an improvement on real property, and the value assigned to the structure was the most favorable tax treatment the Sizemores could have received under the present system.

AFFIRMED.

All the Justices concur.

vision that as to a site whereon new construction of a single-family residential building is being carried on the county assessor shall, for the year in which construction is incomplete, make his assessment for taxing purposes by adding the value of the raw construction materials, rather than a completed building, to his land value assessment; and

WHEREAS, it might possibly be thought that the aforesaid relates to other types of buildings, as well as single-family dwellings, a clarification of the Legislature's intent in enacting Senate Bill No. 235, Chapter 241, O.S.L.1971, is appropriate.

That the Legislature, in making the basis of assessment for purposes of taxing the land

and raw construction materials on structures, intended such to apply to single-family residential dwellings only. The application of the said provision to commercial, industrial or multifamily structures is giving the provision an out-of-context meaning and is violative of the intent of the Legislature."

9. See *People v. Cantor,* 230 N.Y. 312, 130 N.E. 305–06 (1921) for a contra conclusion based on an express provision in the New York Charter § 889(a) 1913 which provides:

"A building in the course of construction, commenced since the preceding first day of October and not ready for occupancy, shall not be assessed."