No. 56,697

In The Matter of An Order of The Board of Tax Appeals of The State of Kansas Upon the Application of Midland Industries, Inc. For Relief From Tax Grievance In Sedgwick County, Kansas, and In The Matter of An Order of The Board of Tax Appeals of The State of Kansas Upon The Application of Energy Reserves Group Inc. For Relief From A Tax Grievance In Sedgwick County, Kansas, *Appellants.*

(691 P.2d 394)

Opinion filed November 30, 1984.

*Robert J. O'Connor*, of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and was on the brief for the appellants.

*C. Robert Bell*, assistant county counselor, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is a consolidated appeal by Midland Industries, Inc., and Energy Reserves Group, Inc., from a ruling by the district court on appeal from the State Board of Tax Appeals (BOTA).

The facts presented at the hearing pertaining to Energy Reserves Group are that an improvement on its property was made in 1980 resulting in a larger assessed valuation. In the process of placing the valuation on the assessment roll (maintained by computer in Sedgwick County), the improvement appraisal value was entered correctly but the land appraisal value was incorrectly reduced from $18,000 to $8000 resulting in a reduction in the assessed valuation of the land from $5400 to $2400. The error was discovered by the county in August 1982. A corrected tax statement was issued the taxpayer for 1981. Prior to 1981, the taxpayer had paid tax on this land at the correct assessment of $5400.

In the meantime, an error was also discovered on the assessment of property owned by Midland Industries. During 1967, the main building located on Midland's property was constructed with the use of industrial revenue bonds. This building was thus tax exempt until January 1, 1978. In 1978 the property was placed on the tax rolls with an assessed valuation of $495,960. The resulting taxes were paid, not under protest. Officials of the company, however, stated they undertook discussions with the county officials concerning an "overassessment" of the property. No appeals were made to the county or state boards of equalization from the assessment. The following year the taxpayer paid taxes on an assessment of $195,960, believing the lower amount was a result of the Sedgwick County Appraiser's correction of the "overassessment." During 1982 the Sedgwick County Appraiser, when checking property record cards (the official valuation source of property in that county)

against the computer assessment rolls, found the computer assessment rolls incorrectly reflected a value of $195,960 and the property record card, the source material, reflected an assessment of $495,960.

In 1982 the county appraiser's office made a correction of the computer records to reflect the correct valuation of $495,960 and issued a corrected tax statement to the taxpayer for 1979, 1980 and 1981. In subsequent action, an assistant county counselor submitted an application for tax relief for the correction of a "clerical error" for tax years 1980 and 1981, believing the year 1979 was beyond relief.

The county then commenced proceedings before BOTA in the name of both appellants for relief from the prior incorrect assessments. BOTA held the county could collect the reassessed taxes from Midland for the years 1979, 1980 and 1981 and from Energy Reserves for 1981. Both parties then paid the additional taxes under protest and filed for refunds of those taxes. The companies also filed for a rehearing of the matters. BOTA denied the refund for the taxes paid under protest by Midland, failed to rule on the refund request by Energy Reserves, and denied appellant's consolidated motion for rehearing. Appellants then appealed to the district court pursuant to K.S.A. 1983 Supp. 74-2426.

The district court judge issued an order finding BOTA's order unreasonable and arbitrary as to Midland Industries as to the year 1979 only and ordered that part of the order of BOTA vacated. The court also found BOTA's decision correct, but for the wrong reason, and thereby affirmed it. The taxpayers' consolidated motions to amend or make additional findings of fact and to alter or amend the judgment were subsequently denied.

Appellants first argue the district court acted improperly when it found BOTA was correct but for the wrong reason. BOTA found in its May 25, 1983, order that the taxpayers' properties had been misassessed pursuant to K.S.A. 1983 Supp. 79-417. The board further held relief under K.S.A. 1983 Supp. 79-1702 was not proper since that statute "is for the redress of grievances concerning the abatement or refund of taxes when such actions are commenced within a statutory period of time."

The district court reversed BOTA's reliance on K.S.A. 1983 Supp. 79-417, stating the statute was intended for lands or

improvements omitted from tax rolls, which was not applicable here. Instead the district court held:

"The evidence in this case reflects the clerks erred in the extension of values, as contemplated by K.S.A. 79-1701(b) by entering the wrong figures in the computers in both cases before the BTA. These 'Clerical Errors' were corrected by the Assessor's Office, which under the law above is clearly allowable."

Appellants argue the district court acted outside the scope of judicial review in finding the decision of BOTA correct, but for the wrong reason. The scope of judicial review from administrative proceedings has been articulated in many cases, as well as K.S.A. 1983 Supp. 74-2426, which is applicable here. K.S.A. 1983 Supp. 74-2426(e) states:

"No appeal may be taken from any order pertaining to the assessment of property for ad valorem tax purposes . . . unless the order is unreasonable, arbitrary or capricious."

We have further defined the district court's authority in administrative appeals in *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, Syl. ¶ 1, 436 P.2d 828 (1968), wherein we stated:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority."

It is important to note that in *Foote* we also discussed this court's duty in examining whether the district court acted within its proper scope of review:

"In reviewing a district court's judgment . . . this court will, in the first instance, for the purpose of determining whether the district court observed the requirements and restrictions placed upon it, make the same review of the administrative tribunal's action as does the district court." 200 Kan. 447, Syl. ¶ 2.

Thus, we are in the same position as the district court in determining whether BOTA acted arbitrarily or capriciously.

Appellants argue the district court did not limit its review to the three areas enumerated in *Foote.* It alleges the district court instead substituted its judgment for that of BOTA when it decided the board was right in its decision but for the wrong reason. This court has long recognized that matters of assessment and taxation are administrative in character and the judiciary may not substitute its judgment for that of an administrative

agency. In *Symns v. Graves,* 65 Kan. 628, 636, 70 Pac. 591 (1902), it was stated:

"Matters of assessment and taxation are administrative in their character and not judicial, and an interference by judges who are not elected for that purpose with the discharge of their duties by those officers who are invested with the sole authority to make and estimate value is unwarranted by the law. The district court could not substitute its judgment for that of the board of equalization, and this court cannot impose its notion of value on either. These are fundamental principles in the law of taxation and cannot be waved aside to meet the exigencies of any particular case."

*Symns,* as well as the other cases involving the substitution of judgment by the district court, deal with the court's determination of a completely new assessment rate than that found by the board. Those are clearly substitutions of judgment. Here, however, the district court merely determined an incorrect statute was applied. Construction of statutory language is a proper judicial function which does not interfere with the administrative agency's expertise in taxation matters. The district court has authority to construe a statute at variance with BOTA.

Appellants next attack the result reached by both BOTA and the district court. They maintain there is no remedial statute applicable to these facts.

As we previously noted, BOTA relied on K.S.A. 1983 Supp. 79-417 for its authority to correct the taxing district's clerical errors. That statute provides:

"The county clerk in all cases where any lands or improvements located within the county which for any reason have not been assessed for taxation or have escaped taxation for any former year or years when the same were liable for taxation, shall place the same upon the assessment and tax rolls, shall cause the same to be valued by the county appraiser, and shall charge against such lands or improvements taxes equal to and in accordance with the tax levies that would have been charged against such lands or improvements had they properly been listed and assessed at the time they should have been assessed under the provisions of the general laws governing the assessment and taxation of land. No lands or improvements shall be assessed under the provisions of this section to any person other than the present owner unless such property was acquired by will, inheritance or gift."

Clearly, it provides lands or improvements which have not been assessed or "have escaped taxation" for any reason shall be placed on the assessment and tax rolls by the county clerks without time limitation. The question then is whether transferring incorrectly the appraised value of lands and improvements

from the permanent record to the computer is failing to assess or escaping taxation. Such an incorrect transfer of a figure could increase or decrease a taxpayer's assessment and resulting taxes. Here, it decreased appellants' taxes.

Appellants were assessed taxes; thus, the language of K.S.A. 1983 Supp. 79-417 referring to those who "have not been assessed" is not applicable here. We must next consider whether a reduction in taxes because of a mistake is escaping taxes. If it is, K.S.A. 1983 Supp. 79-417 is applicable. Webster's New World Dictionary 477 (2d ed. 1974), defines "escape" as "to get free; get away; get out . . . ." We hold the term "escaped taxation" means "got free, or got clear" of taxes. We conclude, therefore, a reduction in taxes is not an escape from taxation. The distinction the law makes between persons who escape taxes and those who merely by some means get a reduction in tax liability is a valid one. A person who escapes taxes is aware of his favored status and remains silent, while one who merely has a reduction of taxes has no awareness of his status. BOTA was in error; K.S.A. 1983 Supp. 79-417 is not applicable to this case.

We now turn to K.S.A. 79-1701, K.S.A. 1983 Supp. 79-1701a and -1702, utilized by the district court instead of K.S.A. 1983 Supp. 79-417 in arriving at the same conclusion as BOTA.

K.S.A. 79-1701 is in the statutory article entitled "Correction of Irregularities." This chapter is the legislative scheme for correcting clerical errors in assessment and tax rolls. It provides:

"The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:

(a) Errors in the description or quantity of real estate listed;

(b) Errors in extensions of values or taxes whereby a taxpayer is charged with unjust taxes;

(c) Errors which have caused improvements to be assessed upon real estate when no such improvements were in existence;

(d) Errors whereby improvements located upon one tract or lot of real estate have been assessed as being upon another tract or lot;

(e) Errors whereby taxes have been charged upon property which the state board of tax appeals has specifically declared to be exempt from taxation under the constitution or laws of the state;

(f) Errors whereby the taxpayer has been assessed twice in the same year for the same property in one or more taxing districts in the county; and

(g) Errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs."

The clerical errors complained of in this case are not in description or quantity of real estate, and the error was not discovered before November 1 of the current year. It pertains to valuation only. Section (a) is, therefore, inapplicable. Section (b) applies to extensions of values or taxes *charging* a taxpayer with unjust taxes. The situation in this case *excuses* a taxpayer from taxes. Therefore, section (b) is irrelevant. The balance of K.S.A. 79-1701 pertains to taxpayer complaints. We have held that tax laws are statutory and do not exist apart from the statute. *Phillips Petroleum Co. v. Moore*, 179 Kan. 482, 491, 297 P.2d 183 (1956). As such, they must be strictly construed. Hence, we agree with appellants. This is a taxpayer relief statute, and therefore does not provide relief for a taxing district from its errors.

We turn next to K.S.A. 1983 Supp. 79-1701a, which provides for the correction of clerical errors by the board of county commissioners. The errors which are correctable by the commissioners are those specified in K.S.A. 79-1701. Since we found K.S.A. 79-1701 inapplicable here, K.S.A. 1983 Supp. 79-1701a is also inapplicable in this case.

K.S.A. 1983 Supp. 79-1702 is also urged as a remedy for such errors as occurred here. It provides:

"If any taxpayer or any municipality or taxing district shall have a grievance not remediable under the provisions of K.S.A. 79-1701 or 79-1701a, or amendments thereto, or which was remediable thereunder and reported to the proper official or officials within the time prescribed but which has not been remedied by such official or officials, such grievance may be presented to the state board of tax appeals and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax if uncollected together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected.

"In all cases where property has been acquired by the state, a political subdivision or an institution exempt from general property taxation, the general property tax for all the years prior to 1975 that are unpaid on the taking effect of this act shall be cancelled and abated upon proper application hereunder.

"In all cases where the identical property owned by any taxpayer has been assessed for the current tax year in more than one county in the state, said board is hereby given authority to determine which county is entitled to the assessment of the property and to charge legal taxes thereon, and if the taxes have been paid in a county not entitled thereto, said board is hereby empowered to direct the authorities of the county which has so unlawfully collected the taxes to refund the same to the taxpayer with all penalties charged thereon."

Initially, this statute appears to be a catch-all remedy for all

clerical errors not provided for elsewhere. However, a closer examination reveals it provides if BOTA finds from competent evidence that there is a real grievance, its actions are limited to either "canceling the tax if uncollected together with all penalties charged thereon" or "if the tax has been paid, by ordering a refund" of the unlawful tax. This statute was clearly not drafted to give relief to a taxing district which has made a clerical error in the taxpayer's favor.

We conclude the legislature has not provided a remedy for a taxing district's clerical error in favor of a taxpayer which is not detected prior to sending out tax notices unless the property has not been assessed or has escaped taxation.

We reverse the trial court and enter judgment for appellants.