(776 P.2d 832)

No. 62,556

GRIFFIN CRAWFORD and VIVIAN CRAWFORD, *Appellees/Cross-Appellants*, v. BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, and WILLIAM E. O'BRIEN as TREASURER OF JOHNSON COUNTY, KANSAS, *Appellants/Cross-Appellees.*

Opinion filed July 14, 1989.

*Philip S. Harness*, county counselor, and *Donald D. Jarrett*, chief counsel, for appellants/cross-appellees.

*Park McGee*, of Overland Park, for appellees/cross-appellants.

Before BRISCOE, P.J., ELLIOTT and GERNON, JJ.

ELLIOTT, J.: The Johnson County Board of County Commissioners (Board) appeals a summary judgment in favor of plaintiffs, holding the Board could not, under K.S.A. 79-417, collect additional property taxes from plaintiffs. The Crawfords cross-appealed from the denial of their request for attorney fees.

We affirm.

Plaintiffs' land was originally improved with the addition of a single building and was assessed as improved land. Subsequently, plaintiffs erected a second building on the property and the appraiser apparently did not assess any tax for one of the buildings. That building was not taxed for the years 1973 through 1977.

The county discovered its mistake and sent plaintiffs an amended tax statement. Plaintiffs' initial lawsuit seeking to enjoin the Board from levying and collecting the additional tax was dismissed for lack of prosecution in 1986. Plaintiffs filed the present case in June 1987, again seeking to enjoin the Board from collecting the additional tax.

In granting plaintiffs' motion for summary judgment, the trial court ruled the county's failure to include the value of one of the

buildings in the appraisal resulted from clerical error and did not constitute an escape from taxation.

The Board first argues the case is time barred by K.S.A. 60-511(5), the catchall five-year period of limitations. This injunction suit was brought pursuant to article 9 of chapter 60, which contains no specific time limitation. Accordingly, article 5 of chapter 60 does control this case.

But the Board's position overlooks K.S.A. 79-1804, which provides that a lien for unpaid taxes attaches to the property on November 1 of the year in which the tax is levied. The lien continues until the taxes are paid. K.S.A. 79-1804 clearly gives the county an adverse interest in the property until the taxes are paid.

K.S.A. 60-507 provides a 15-year statute of limitations for the determination of any adverse claim to real property. The trial court did not err in ruling plaintiffs' suit was not time barred.

The Board also argues the trial court erred when it ruled the property had not "escaped" taxation under K.S.A. 79-417. That statute provides that when any land, for any reason, escapes taxation, the county shall have the power to recapture the escaped tax. Specifically, K.S.A. 79-417 provides:

"The county clerk in all cases where any lands or improvements located within the county which for any reason have not been assessed for taxation or have escaped taxation for any former year or years when the same were liable for taxation, shall place the same upon the assessment and tax rolls, shall cause the same to be valued by the county appraiser, and shall charge against such lands or improvements taxes equal to and in accordance with the tax levies that would have been charged against such lands or improvements had they properly been listed and assessed at the time they should have been assessed under the provisions of the general laws governing the assessment and taxation of land."

At first blush, the statute seems to focus on the land/improvements. And the Board simply argues that plaintiffs' property "escaped" taxation and thus the taxes should be subject to recapture. But the Supreme Court has placed the focus of K.S.A. 79-417 not on the property, but rather on the taxpayer.

*In re Order of Board of Tax Appeals*, 236 Kan. 406, 691 P.2d 394 (1984), is factually similar to the present appeal. There, as here, improvements were inadvertently not included in the tax bill. There, as here, the county sent a corrected tax statement. 236 Kan. at 407. And there, the Supreme Court held that "escaped taxation" meant "got free, or got clear" of taxes. 236 Kan. at 411. The court held:

"The distinction the law makes between *persons* who escape taxes and those who merely by some means get a reduction in tax liability is a valid one. A *person* who escapes taxes is aware of his favored status and remains silent, while one who merely has a reduction of taxes has no awareness of his status." 236 Kan. at 411. (Emphasis added.)

There is nothing in the record to indicate the Crawfords were aware of their favored status and remained silent.

Perhaps the most lucid case in the Board's favor is *Mun. of Anchorage v. Alaska Distributors Co.*, 725 P.2d 692 (Alaska 1986). But we are bound to follow *In re Order of Board of Tax Appeals*, as was the trial court. If that case is to be overruled, the Supreme Court must do so. The trial court did not err in following the mandate of the Supreme Court.

Finally, plaintiffs filed a cross-appeal challenging the trial court's denial of attorney fees. Except for a passing reference to this matter in their conclusion, plaintiffs have failed to brief the issue. There is no separate portion of their brief dedicated to the cross-appeal. See Supreme Court Rule 6.03(f) (1988 Kan. Ct. R. Annot. 24).

Generally, where an appellant—or cross-appellant—fails to brief an issue, that issue is deemed waived or abandoned. *Feldt v. Union Ins. Co.*, 240 Kan. 108, 112, 726 P.2d 1341 (1986).

Plaintiffs have also filed a motion for attorney fees on appeal. The motion is considered and denied.

The judgment is affirmed.