SALT LAKE COUNTY ex rel. COUNTY BOARD OF EQUALIZATION OF SALT LAKE COUNTY, State of Utah, Petitioner,

v.

STATE TAX COMMISSION of Utah ex rel. KENNECOTT CORPORATION, Respondent.

No. 870368.

Supreme Court of Utah.

Sept. 8, 1989.

---

David E. Yocom, Bill Thomas Peters, Salt Lake City, for petitioner.

David L. Wilkinson, Maxwell A. Miller, Salt Lake City, for State Tax Com'n.

James B. Lee, Kent W. Winterholler, Salt Lake City, for Kennecott Corp.

Glen E. Davies, Salt Lake City, for Utah Farm Bureau Federation.

DURHAM, Justice:

This case comes to us on a writ of review to the State Tax Commission (the Commission), which granted a property tax preference to Kennecott Corporation (Kennecott) pursuant to the Farmland Assessment Act. The property in question (approximately 3,600 acres) was leased to Hercules, Inc., for a buffer zone around its manufacturing plant and was simultaneously leased to other lessees for grazing and the growing of wheat. The issue is whether the property is eligible for the preferential tax treatment afforded agricultural land by the Farmland Assessment Act. We affirm the Commission's decision.

Under its lease agreement with Hercules, Kennecott retained the right to use the property in question for agricultural purposes or to lease it to others for agricultural uses. The only restrictions on such use in the Hercules lease were that no habitable buildings could be constructed and no explosives or flammable materials could be stored.

Utah Code Ann. § 59–5–87 (Supp.1986)[1] provided that land which "is actively devoted to agricultural use," is greater than five contiguous acres in area, and produces a gross income of $1,000 per year (exclusive of rents) is to be assessed as agricultural property upon application of the owner. Section 59–5–88 (1974)[2] defined "actively devoted to agricultural use" as follows:

> Land shall be deemed to be in agricultural use when devoted to the raising of plants and animals useful to man, including but not limited to: forages and sod crops; grains and feed crops; dairy animals, poultry, livestock, including beef cattle....

 The County argues that because the property here is being used for industrial purposes by Hercules pursuant to its lease, it may not be characterized as "actively devoted to agricultural use" within the meaning of the Farmland Assessment Act. That construction would be required if the statute read "exclusively" or even "primarily" devoted to an agricultural use. No such terms appear in the statute, however, and its plain meaning does not require such a construction. In fact, our practice is to construe taxation statutes liberally in favor of the taxpayer, leaving it to the legislature to clarify an intent to be more restrictive if such intent exists. *Builders Components Supply Co. v. Cockayne*, 22 Utah 2d 172, 450 P.2d 97 (1969). The legislature has determined that if land in Utah is used for agricultural purposes,

---

1. Recodified as amended at § 59–2–503 (1987).

2. Recodified as amended at § 59–2–502 (Supp. 1989).

that land is qualified for assessment under the Act.

 We reject the County's argument that the word "devoted" requires exclusive use. Land may be actively devoted to multiple purposes. We likewise reject the "income test" urged by the County, seeing nothing in the statute to justify its use. Finally, the County has claimed that if the property in question qualifies for treatment under the Farmland Assessment Act, Kennecott should be required to pay a privilege tax on the difference between the assessment value under the Act and its value without the Act. The privilege tax, however, applies only to property which is exempt from taxation pursuant to article XIII, section 2 of the Utah Constitution. Agricultural assessment, permitted by article XIII, section 3(2), does not constitute an exemption to which the privilege tax applies.

The decision of the Commission is affirmed.

HALL, C.J., HOWE, Associate C.J., ZIMMERMAN, J., and ORME, Court of Appeals Judge, concur.

STEWART, J., having disqualified himself, does not participate herein; ORME, Court of Appeals Judge, sat.