**COUNTY BOARD OF EQUALIZATION OF SALT LAKE COUNTY, Petitioner,**

v.

**NUPETCO ASSOCIATES, Respondent.**

No. 860219.

Supreme Court of Utah.

Sept. 22, 1989.

Theodore Cannon, Bill Thomas Peters, Salt Lake City, for petitioner.

Wayne G. Petty, Salt Lake City, for respondent.

DURHAM, Justice:

This case is before us on a writ of review of a decision by the Utah State Tax Commission (the Commission) dealing with ad valorem taxation of property. The Salt Lake County Board of Equalization (Board of Equalization) appeals the Tax Commission's holding that property undervalued due to a clerical error cannot be treated as property that has escaped assessment. We affirm.

Nupetco owned a ten-acre tract of land in Salt Lake County. In April of 1983, the Salt Lake County Board of Commissioners approved the widening of Bengal Boulevard, a street bordering Nupetco's land. The County condemned a portion of Nupetco's land, reducing its ten-acre tract to 9.607 acres. This change was properly recorded by the recorder's office in April of 1983, but was improperly changed on the assessment rolls. A typographical error made in performing the change listed the property as 6.607 acres rather than 9.607 acres.

In the summer of 1984, the Salt Lake County treasurer's office sent a property valuation and tax notice to Nupetco based on the mistaken acreage in the assessment rolls. This notice contained the correct property description, the incorrect acreage number, a market value for the land of $201,720, and an assessed value of $32,275. The assessed value was approximately $11,300 less than the assessed value indicated on the 1983 tax notice based on the original ten-acre tract.

Nupetco paid the assessed amount timely. In October of 1984, Nupetco notified the Salt Lake County assessor's office that the acreage reference number in the tax notice was incorrect. The assessor's office sent notice of the adjustment to the Board of Equalization that same month. On December 19, 1984, without notice or hearing, the Board of Equalization sent Nupetco a "Notice of Decision" reviewing the property valuation for the 9.607–acre tract. This notice indicated a new assessed value for the tract of $48,825 (approximately 50 percent more than the previous tax notice), a figure representing taxation of nine, as opposed to six, acres, and a tax of $4,396.35 (the original tax notice showed a tax of $2,922.41, which Nupetco had timely paid in November 1984). The notice also apprised Nupetco that an appeal must be taken by January 4, 1985, if there were dissatisfaction with the valuation.

Nupetco appealed the decision of the Board of Equalization to the Commission,

contending that the Board of Equalization had no statutory authority to review the property valuation inasmuch as Nupetco had not filed a petition for adjustment and that Nupetco did not receive notice of the reassessment, resulting in a denial of due process. An informal hearing before the Commission was held in April of 1985. The Commission affirmed the Board of Equalization's "Notice of Decision" in August of 1985, holding that the Board had authority under section 59–5–17 of the Utah Code to reassess the tract. The Commission found that the difference between the number of acres assessed as shown on the original tax notice and the number of acres assessed on the second notice was a result of property that had "escaped" assessment.

Nupetco then petitioned for a formal hearing in September of 1985. It again argued before the Commission that the Board of Equalization lacked statutory authority to reassess the property, that the reassessment was without due process and constituted a violation of equal protection of the law, and that Salt Lake County waived any rights to reassess the property when it accepted payment of the 1984 taxes pursuant to the initial tax notice. The State Tax Commission issued a final decision in April of 1986, reversing the Board of Equalization and holding that the reassessment was not as a result of property that had "escaped" assessment under section 59–5–17 of the Utah Code and that the reassessment procedures used were improper and unconstitutional.

Because the question before us is one of law, we do not defer to the Commission in our construction of the statute. *State Tax Comm'n v. Industrial Comm'n*, 685 P.2d 1051, 1052 (Utah 1984); *Mountain States Tel. & Tel. Co. v. Public Serv. Comm'n*, 754 P.2d 928, 930 (Utah 1988). We also are aware, as this Court noted in *Builders Components Supply Co. v. Cockayne*, 22 Utah 2d 172, 450 P.2d 97 (1969), that "statutes imposing taxes and prescribing tax procedures should generally be construed favorably to the taxpayer and strictly against the taxing authority." *Id.* at 175, 450 P.2d at 99. Utah Code Ann. § 59–5–17 (the current version of this provision is

codified at Utah Code Ann. § 59–2–309(1) (Supp.1989)) provided:

> Any property discovered by the assessor to have escaped assessment may be assessed at any time as far back as five years prior to the time of discovery, and the assessor shall enter such assessments on the tax rolls in the hands of the county treasurer or elsewhere....

The facts in this case show that the entire property, as referenced by its legal description, was accounted for in the 1984 tax notice. The mistake in computation of the tax amount resulted from an inaccurate representation of the number of acres involved, not from any omission in the description of the property subject to assessment. As this Court observed in *Union Portland Cement Co. v. Morgan County*, 64 Utah 335, 230 P. 1020 (1924): "It is quite immaterial for what reason property was omitted from the assessment roll. The only question is: Was it omitted?" In that case the evidence was undisputed: "[T]he statement furnished by [the taxpayer] to the state board of equalization for 1921 did not, as a matter of description, include the property which constitutes the additional assessment." *Id.* at 339, 230 P. at 1021.

The evidence is equally undisputed in this case, but to the contrary result. The entire property of respondent *was* included on the assessment rolls by means of an accurate legal description. The mistake in the acreage figure resulted in an undervaluation of the assessed property, not in an escape from assessment within the meaning of the statute. The property was assessed, albeit inaccurately. The statute does not permit retroactive correction of mistaken valuations after the tax has been paid. In the absence of a legislatively created remedy for this kind of mistake, we are not at liberty to create a judicial one. *See Tradewell Stores, Inc. v. Snohomish County*, 69 Wash.2d 352, 356, 418 P.2d 466, 468 (1966); *People ex rel. Schuler v. Chapman*, 370 Ill. 430, 440–41, 19 N.E.2d 351, 356 (1939). We are unaware of any cases holding that an error in the area or acreage reference (as opposed to the property de-

scription) results in an "escape" from taxation.

That this holding constitutes a "windfall" to respondent is immaterial. The statute, which does impose severe penalties on property owners who conceal property to evade taxation, provides no remedy (after notice is issued) to the taxing authority when it mistakenly undervalues property subject to assessment. Should the legislature regard such a remedy as necessary, it could easily create one.[1] The entire property was assessed here; the mistake in acreage resulted in an undervaluation, not an escape from assessment.

Because of our construction of the statute in favor of Nupetco, it is unnecessary for us to treat the due process and equal protection issues raised.

The judgment of the trial court is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur. ZIMMERMAN, J., concurs in the result.

1. In Kansas, for example, the legislature modified statutory language (very similar to Utah's) after the Kansas court held in *In re Midland Industries, Inc.,* 236 Kan. 406, 691 P.2d 394 (1984), that where property had been taxed, a reduction in the tax amount because of mistake was not an escape from taxation. The new legislation, according to the Kansas court, added language which clarifies legislative intent that in the event of understatement of taxes as a result of clerical error, the commissioners have authority to order an additional tax bill. The legislature also [enacted new sections] which provide that whenever property is underreported for whatever reason the property shall be deemed to have escaped taxation.
*In re Unified School Dist. No. 437,* 243 Kan. 555, 559, 757 P.2d 314, 317 (1988).