**FIRST SECURITY MORTGAGE COMPANY, a Utah corporation, Plaintiff and Appellee,**

v.

**SALT LAKE COUNTY, State of Utah; Salt Lake County Assessor, Robert L. Yates; Salt Lake County Treasurer, Arthur L. Monson, Defendants and Appellants.**

No. 920856–CA.

Court of Appeals of Utah.

Dec. 29, 1993.

David E. Yocom, Salt Lake County Atty., Mary Ellen Sloan (Argued), Deputy Salt Lake County Atty., Salt Lake City, for defendants and appellants.

Larry G. Moore (Argued), Ira B. Rubinfeld, Brent D. Wride, Ray, Quinney & Nebeker, Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and GARFF,[1] JJ.

---

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78–3– 24(10) (1992).

## OPINION

JACKSON, Judge:

Appellants challenge the trial court's grant of appellee's motion for summary judgment requiring Salt Lake County to refund property taxes collected pursuant to Utah Code Ann. § 59-2-309 (1992). We affirm.

## FACTS

First Security Mortgage Company ("First Security") owned a parcel of real property in a "strip mall" in Riverton City, Utah. From 1985 to 1988 the property incorrectly received a residential tax exemption, resulting in a lower tax bill. The tax notices for each of the four years correctly identified and described the property, and also provided the property's correct market value. The tax notices for the years 1986 through 1988 indicate that the county extended a residential exemption to the property.[2] The error in the tax bill involved no wrongdoing by the taxpayer and was completely attributable to the County's errors.

In August 1990, the County notified First Security that because the property had erroneously received the residential exemption for the years 1985 to 1988, the property had "escaped assessment" and additional taxes were owed. Salt Lake County also later reassessed the property and claimed an additional tax for 1989 because it had incorrectly granted the property a residential exemption for that year as well. In November 1990, First Security paid $24,497.61 under protest to the County for the additional property taxes allegedly owing for the years 1985 to 1989. In February 1991, First Security requested a refund of the taxes paid under protest. The Salt Lake County Commission denied the request and First Security brought an action to obtain the refund.

In October 1991, First Security brought a motion for summary judgment, which the trial court granted. The trial court ordered

Salt Lake County to pay First Security the taxes it had paid under protest along with interest and costs. Salt Lake County appeals, asserting that the trial court improperly determined: (1) that the property did not escape assessment, thereby preventing the County from retroactively assessing the additional taxes, and (2) that the Utah Constitution does not mandate retroactive collection of the taxes.

## ANALYSIS

### Escaped Property Statute

■ Appellants assert that the trial court improperly determined that the property did not escape assessment. Utah Code Ann. § 59-2-309(1) (1992) provides that "[a]ny escaped property may be assessed by the original assessing authority at any time as far back as five years prior to the time of discovery." Accordingly, if property escapes assessment, it may be assessed and taxed retroactively by the county. *See County Bd. of Equalization v. State Tax Comm'n,* 789 P.2d 291, 293 (Utah 1990). Whether property has escaped assessment is a legal question, and we give no deference to the trial court's interpretation of the statute. *Id.* at 292; *County Bd. of Equalization v. Nupetco Assocs.,* 779 P.2d 1138, 1139 (Utah 1989).

■ Utah Code Ann. § 59-2-102(6)(a) (1992) defines "escaped property" as property that is

(i) inadvertently omitted from the tax rolls, assigned to the incorrect parcel, or assessed to the wrong taxpayer by the assessing authority;

(ii) undervalued or omitted from the tax rolls because of the failure of the taxpayer to comply with the reporting requirements of this chapter; or

(iii) undervalued because of errors made by the assessing authority based upon incomplete or erroneous information furnished by the taxpayer.[3]

---

**2.** The property also received a residential exemption in 1985 but the tax notice for that year did not show the exemption.

**3.** The appellants argue that § 59-2-102(6)(a) is inapplicable to this case because it became effec-

tive January 1, 1990, and the tax years in question are 1985 to 1989. However, when the legislature adds a clarifying provision to a statute, it generally has retroactive effect. *State v. Bishop,* 753 P.2d 439, 486 (Utah 1988) ("[w]hen a statute is amended, the amendment is considered per-

■ In this case, the County is attempting to remove an exemption it granted because of the its own mistake. However, First Security's property did not escape assessment, nor do the facts of this case fit within one of the three definitions of escaped property in § 59–2–102(6)(a). First, the property was never omitted from the tax rolls, assigned to an incorrect parcel, or assessed to the wrong taxpayer. The facts clearly show the property was assessed and the tax timely paid. Second, there is no indication that First Security failed to comply with any reporting requirements. Third, there is no evidence or allegation that the property was undervalued because of incomplete or erroneous information furnished by First Security. Accordingly, the property in this case did not escape assessment and the County improperly collected the additional taxes.

## Utah Constitution

■ Appellants assert that even if the escaped property statute does not allow the collection of the additional taxes, the Utah constitutional provision mandating equal and uniform taxation empowers the County to retroactively collect the taxes.[4] We disagree. The constitutional requirement of equal and uniform taxation of property is implemented only through legislative provisions. *County Bd. of Equalization v. Nupetco Assocs.*, 779

P.2d 1138, 1139 (Utah 1989) (in the absence of a legislative remedy to retroactively correct mistaken valuations of property taxes, courts are not at liberty to create a judicial one); *Crystal Car Line v. State Tax Comm'n*, 110 Utah 426, 174 P.2d 984, 987 (Utah 1946) (the power to tax is legislative, and in the absence of any legislative provision for the taxation of property any attempt to tax it is void).

The legislature, bound by the rules of uniformity and equality, has implemented substantive property tax laws. The legislature has also enacted procedural laws regulating when the County may retroactively assess taxes. Should the legislature determine that a remedy is needed for situations where the County mistakenly undervalues property subject to assessment, it could easily create one.[5] However, in the absence of a legislatively created remedy for this kind of mistake, we are not at liberty to create a judicial one. *See Nupetco*, 779 P.2d at 1139.

## CONCLUSION

Because the property in this case did not escape taxation and because the County has not identified any other statutory basis for a retroactive assessment, the trial court was correct in concluding that the additional taxes were unlawfully collected from First Secu-

suasive evidence of the legislature's intent when it passed the former, unamended statute"); *Foil v. Ballinger*, 601 P.2d 144, 150–51 (Utah 1979) (amendment was retroactive because legislature was acting to effectuate its original intent); *Okland Constr. Co. v. Industrial Comm'n*, 520 P.2d 208, 210–11 (Utah 1974) (if a later statute or amendment "deals only with clarification or amplification as to how the law should have been understood prior to its enactment," it applies retroactively). Thus, we will apply the definition of escaped property provided in § 59–2–102(6)(a).

4. Utah Constitution, Article XIII, § 2, provides:
   (1) All tangible property in the state, not exempt under the laws of the United States, or under this Constitution, shall be taxed at a

uniform and equal rate in proportion to its value, to be ascertained as provided by law.

5. For example, as pointed out in *Nupetco*, 779 P.2d 1138, 1140 n. 1 (Utah 1989), after a Kansas court determined that property improperly valued because of a clerical error was not escaped property, Kansas passed legislation stating that in the event taxes are understated because of .clerical error, the taxing authorities have the right to order an additional tax bill. The legislature also passed new statutes stating that whenever property is underreported for whatever reason, the property shall be deemed to have escaped taxation.

Utah legislators have specifically defined "escaped property" by statute, but have chosen not to broaden the definition of escaped property as

rity. Accordingly, we affirm.[6]

BENCH and GARFF, JJ., concur.

---

has Kansas. *See* Utah Code Ann. § 59—2–102(6)(a) (1992)

**6.** At oral argument, First Security raised a new argument that retroactive assessment of property taxes would wreak havoc with parties to prior real estate transactions. Because this public pol-

icy argument was not briefed, we decline to address it.